LECHE, J.
Plaintiff prays for judgment against defendant in the sum of $10,000, damages alleged to have been suffered by her in consequence of a fall from the top of a step, leading out from the front door of her room, to the ground, four feet below. Her demand was refused, and she has appealed.
She had been renting a room from defendant at the rate of $1 per week, and she relates in her petition that, while occupying said room, “on September 16, 1916, she endeavored to leave the premises, and in so doing she passed through the front door, which leads directly to the front steps, having a height of about four feet from the ground; that as petitioner placed her feet on the steps, and closed the front door, the knob of said door, which was new, but defective, suddenly parted from the door, causing petitioner to lose her balance and fall to the ground. That petitioner had no knowledge of this vice and defect of the leased premises, and *1043 that same did not arise from tlie fault of petitioner.”
The evidence shows that some time previous to this accident, it became difficult to open and close the front door of plaintiff’s room; that when swung open it would jam by coming in contact with and rubbing against the floor, and that defendant requested one Robert Jackson to fix it. Jackson, who was also a tenant of defendant, living on the same premises as plaintiff, remedied the trouble by sawing off a, strip from the bottom of the door. This was done at the request of and with the full knowledge of plaintiff. Defendant also instructed Jackson to make any other minor repairs to plaintiff’s room, as plaintiff was old and decrepit, these instructions having been given in plaintiff’s presence. The strain from the force which it had been necessary to exert in opening and closing the door evidently caused the weakened condition of the fastening by which the knob was attached to the lock. The little screw which held the knob on the shaft operating the lock became loose, fell out of its socket, and the knob, when pulled by plaintiff, instead of closing the door, yielded and remained in her hand as the momentum of her body brought her down the steps. Jackson says that plaintiff had asked him, the evening previous to her fall, to fix the knob. He says further that he had offered to do so on the morning of and previous to the accident, but that plaintiff told him it was too dark, although in reality it was not dark. 1-Ie understood that she put him off because she did not wish to be annoyed by his presence at that particular time. Jackson’s testimony appears to be truthful and more consonant with reason than that of plaintiff. It is our opinion that plaintiff knew, at the time she fell, that the kriob upon which she unthinkingly sought to support her body was loose and in need of repairs. Such repairs are by law imposed upon the tenant and not upon the landlord, and plaintiff is in no position to seek damages for their nonperformance, even though she had not been aware of their necessity.
The judgment appealed from is affirmed.