(88 South. 912)

No. 23352.

## HARRIS v. TENNIS.

(May 30, 1921.)

*(Syllabus by Editorial Staff.)*

Landlord and tenant ☜164(2)—Wife of lessee held not entitled to recover for injuries resulting from decayed window casing.

A wife was not entitled to recover under Code, art. 2717, for personal injuries received, owing to the rottenness of a window frame of a house leased by defendant to her husband, in which they lived; the appliance for holding up the sash giving way, and the sash falling upon her hand and crushing it, in view of article 2716, the husband, and not the lessor, being at fault.

Monroe, C. J., dissenting.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Action by Eliza Harris against John A. Tennis. Judgment for defendant, and plaintiff appeals. Affirmed.

Hiddleston Kenner, of New Orleans, for appellant.

Delvaille H. Théard, of New Orleans, for appellee.

PROVOSTY, J. Plaintiff alleges that, owing to the rottenness of the window frame of the house leased by defendant to her husband, in which they lived, the appliance for holding up the sash gave way, and the sash fell upon her hand and crushed it, and she sues the defendant lessor in damages. She founds her action upon the following article of the Civil Code:

"Art. 2717. The expenses of the repairs, which unforeseen events or decay may render necessary, must be supported by the lessor, though such repairs be of the nature of those which are usually done by the lessee."

But the case falls under article 2716, which reads:

"The repairs, which must be made at the expense of the tenant, are those which, during the lease, it becomes necessary to make: * * *
"To windows, shutters, partitions, shop windows, locks and hinges, and everything of that kind, according to the custom of the place."

Inasmuch as the person in default for failure to make the repair was plaintiff's husband, she cannot recover of defendant. The trial court so held.

Judgment affirmed, at appellant's cost.

MONROE, C. J. (dissenting). Plaintiff has brought up the appeal herein from a judgment sustaining an exception of no cause of action.

She alleges that she resided in a house, with her husband, of which he was the lessee, and defendant the owner and lessor; that she had occasion to raise the sash of one of the windows, and, there being no cords or weights attached thereto, she attempted to find support for it upon a "bracket," intended for that purpose, which was fastened to the window frame, but that the frame had become rotten, and, because of its rottenness and of the rusted condition of the screw whereby the bracket was attached to the frame, the screw broke away from the frame and the sash dropped suddenly; and that, in so doing, it fell upon petitioner's left hand, which was thereby crushed and mashed, the bones of the fingers wrenched and dislocated, the flesh bruised, and the tendons torn and strained, resulting in the loss of the use of the hand, and, incidentally, in a great deal of suffering.

She further alleges that it was the duty of defendant to keep the premises in repair, and that the accident was attributable to his failure to discharge that duty. She, with leave

of the court, sues in forma pauperis, estimates the damage that she has sustained at $5,000, and prays that defendant be cited, and, after hearing, be condemned to pay that amount.

Article 2695 of the Civil Code declares:

"The lessor guarantees the lessee against all the vices and defects of the thing, which may prevent its being used even if it should appear he knew nothing of the existence of such vices and defects, at the time the lease was made, and even if they have arisen since, provided they do not arise from the fault of the lessee; and if any loss should result to the lessee from the vices and defects, the lessor shall be bound to indemnify him for the same."

Article 2716 contains an enumeration of repairs that are to be made at the expense of the tenant, including:

"Windows, shutters, partitions, shop windows, locks and hinges, and everything of that kind, according to the custom of the place."

But article 2717 reads:

"The expenses of the repairs, which unforeseen events or decay may render necessary, must be supported by the lessor, though such repairs be of the nature of those which are usually done by the lessee."

Clearly, then, the decay of a window frame necessitates repairs to be made at the expense of the lessor; and, whether the wood was rotten when the lease was made, or became so afterwards, the lessor would appear to be liable, under C. C. art. 2695, for whatever damage the lessee may have sustained in consequence of that condition, and equally liable to the wife of the lessee, living on the premises with her husband.

· I therefore dissent from the opinion and decree handed down, and am of opinion that the judgment appealed from should be reversed, the exception overruled, and the case remanded to be tried on its merits.