No. 2697

Second Circuit

———

YATES v. TESSIER

———

(November 6, 1926. Opinion and Decree.)
(December 11, 1926. Rehearing Refused.)

———

(*Syllabus by the Editor*)

1. Louisiana Digest—Attachment—Par. 41.

In an attachment against a non-resident the court gains jurisdiction of the action in rem, even though the bond is defective.

2. Louisiana Digest—Attachment — Par. 63, 64.

Act No. 119 of 1916 permits the amendment of a defective attachment bond in the court of original jurisdiction by

the furnishing of new or additional bond.

3. Louisiana Digest—Attachment—Par. 15.

Under Act 215 of 1920, a writ of attachment is authorized against non-resident defendants on an unliquidated claim.

4. Louisiana Digest—Pleading—Par. 62.

An exception no cause of action is properly overruled where it is possible that the evidence under the pleadings may show a cause of action.

5. Louisiana Digest—Landlord and Tenant—Par. 59, 65, 66.

Under Article 2716 of the Civil Code, it is the duty of the tenant to place hooks on the screens and, therefore, the landlord cannot be held liable in damages for such neglect.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. E. P. Mills, Judge.

Action by Mrs. B. A. Yates and husband against Mrs. Beatrice Tessier, et al.

There was judgment for defendants and plaintiffs appealed.

Judgment affirmed.

L. C. Butler, of Shreveport, attorney for plaintiffs, appellants.

Frank J. Looney, of Shreveport, attorney for defendants, appellees.

WEBB, J. The plaintiffs, B. A. Yates and wife, Wilhemina Yates, appearing individually and as the representatives of their minor child, bring this action to recover damages alleged to have been sustained by them and by the child as the result of injuries suffered by the child through the alleged negligence of the defendants.

Plaintiffs allege that they had leased a portion of a house belonging to defend-

ants and that their child, while on a bed which had been placed by a window and which was level with the window, rolled or moved from the bed into the window and against the screen and that the screen gave way and swung out and the child fell through the opening to the ground, sustaining serious permanent injuries.

They allege that the screen had the appearance of being tightly fitted into the window frame, but, not being nailed or fastened, gave a false appearance of safety; that the condition of the screen was known to the defendants, who had been warned and requested to repair same, and that plaintiffs were not aware of the condition of the screen and that the maintenance of the screen in its unsafe condition was negligence.

They aver that they had incurred expenses in excess of five hundred dollars for medical attention to the child and that the child, as the result of the injuries received, had sustained damages for an amount of twelve thousand dollars.

They further alleged that the defendants were residents of the state of Texas and that "they fear and believe and have good reason to fear and believe that the defendants will mortgage, encumber or dispose of the aforesaid property during the pendency of the suit and that it lies within their power to do so" and prayed for the issuance of writs of attachment and the appointment of a curator ad hoc to represent the absentees and for judgment in accordance with their allegations, and for all orders and decrees necessary and general relief.

The writs of attachment were issued on the plaintiffs giving bond in the sum of two hundred and fifty dollars. and the property was seized and service made as required by law.

The curator. ad hoc. moved to dissolve the attachment on the ground that the bond was insufficient and not such as required by law, and plaintiff answered the motion and tendered a bond for twelve thousand five hundred .dollars.

On trial of this motion the bond tendered was permitted to be filed, and the motion to dissolve ·overruled.

The curator ad hoc then filed a motion to dismiss, based upon the proposition that the writ of attachment should ·not have issued as the amount claimed was conjectural and could not serve as the basis of a positive oath, and upon the motion being overruled the curator filed' an exception of no cause of action which was overruled. The curator then filed a motion for plaintiff to elect whether their suit was based upon a contract or tort, and plaintiff elected that the suit was in tort.

The defendant then answered, denying the material allegations of the plaintiffs' petition and alleged that if plaintiffs' child sustained any injury it was due to the negligence of the plaintiffs.

On trial, judgment was rendered in favor of the defendants, rejecting plaintiffs' demands, and they have appealed.

### OPINION

We consider the motions, exceptions, and merits in the order named.

### MOTION TO DISSOLVE

In presenting this motion, defendants apparently consolidated the motion to dissolve and the motion to dismiss, contending that the motions should ' have been sustained on the following grounds:

First:  That the plaintiffs having alleged other grounds for the issuance of the at-

tachment than the non-residence of the defendants the bond of two hundred and fifty dollars was insufficient and the court was without authority to allow the supplemental bond to be filed, contending that an attachment bond cannot be amended and that the attachment having issued upon an insufficient bond the court did not acquire jurisdiction.

Second: That an attachment will not lie where the amount claimed cannot be definitely fixed.

(1) Conceding, without deciding, that the plaintiffs have alleged any legal ground for the issuance of the writ of attachment other than the non-residence of the defendants, we are of the opinion that the court was authorized under Act No. 119 of 1916 to permit the attachment bond to be amended.

"That whenever any litigant in this state shall have furnished in connection with any judicial proceedings a bond and surety, and the said bond is insufficient in amount * * * such litigant shall have the right to correct such insufficiency * * * in the court of original jurisdiction and to furnish new or additional bond and surety conditioned according to law * * *."

"That the foregoing provisions shall apply to bonds in cases of appeal and conservatory writs * * *."

Unless it should be held that the court did not obtain jurisdiction on the seizure made under the writ of attachment issued upon an insufficient bond.

We have not been cited to any case in which it has been held that the court could not obtain jurisdiction in an action in rem on attachment against a non-resident where there was a defect in the bond. We are of the opinion that the court was vested with jurisdiction by the seizure of the property under the writ of attachment

and service of process as required by law, and the fact that the attachment may have been issued on an insufficient bond did not have the effect of divesting the court of jurisdiction.

(2) The issuance of the writ of attachment against the defendants, non-residents, on an unliquidated claim, was authorized under the provisions of Act 215 of 1920 which declares:

"That in all suits instituted in any of the courts of this state, in which the demand is for damages arising from an offense, quasi offense or tort, where the defendant * * * is a non-resident of the state *. * * the plaintiff shall have the right to sue out an attachment against the property of the defendant upon making affidavit and giving bond as now required by law in suits against non-resident defendants for other causes of action. * * *"

EXCEPTION OF NO CAUSE OF ACTION

The defendants state that this exception is based upon the allegations of the petition showing that the parents placed the child in a position where it could roll or move into an open window and against a screen which was designed only to prevent insects from coming into the room and not to prevent the occupants from falling out of the window.

Counsel argues that the allegations of the petition present the same situation as if the parents had placed their child, who was of such an age that it could not be presumed to have realized the dangerous situation, in an open window or known place of danger, and that conceding that it was negligence in the defendants in not placing a hook upon the screen, that the act of the parents was an independent intervening cause or the proximate cause of the injury.

While we are of the opinion that the petition shows that the parents were negligent, yet conceding that the defendants were at fault in failing to fasten the screen to the frame, we conceive that it might be said, in view of the fact that the lessor cannot usually avoid responsibility for injuries sustained by a child rightfully on the leased premises as the result of his neglect to maintain the leased premises in a safe condition, by proof of negligence on the part of the parent, that the court, in overruling the exception and proceeding to hear the cause on the merits, took the safe course.

## MERITS

The evidence establishes that the defendants leased the premises to Mrs. Sledge and that during the lease the defendants, at the request of the lessee, had another window placed in one of the rooms and that, in addition to the sash and glass, a wire screen was placed in the window; that the screen extended over the full length of the window frame, being fastened at the top of the frame with hinges which allowed the screen to swing out from the bottom; and that the screen fitted into the frame, but was not fastened with nails, hooks or otherwise.

That Mrs. Sledge sublet a part of the leased premises, which included the room in which the window in question was located, to the plaintiffs, and that they in arranging their furniture placed a bed next to the window and in such manner that one lying on the bed could roll from the bed into the window and against the screen; that Mrs. Yates and her child who was about three years of age were lying on the bed when the child got into the window and rolled or fell against the screen which swung out on its hinges and the child fell through the opening to the ground sustaining serious injuries.

The evidence further shows that the object and purpose of placing the screen in the window was to prevent insects from getting into the room and that Mrs. Yates knew that the screen was not fastened with a hook.

It further appears from Mrs. Yates' testimony that she had pushed against the screen to test its resistance and it not giving way she concluded it was fixed in the frame with nails, although she knew that the screen in an adjoining window to which the bed occupied the same position as to the window in question was fastened with a hook which permitted it to be swung out from the window on its hinges.

The plaintiffs base their right to recover on the provisions of Articles 670 and 2322 of the Civil Code, contending that the defendants were negligent in failing to maintain the premises in a safe condition in that the screen was not fastened in the window frame.

Conceding, without deciding, that the fact of the screen not being equipped with a hook or fastened in the frame was negligence and that it was the proximate cause of the injury sustained by the child, we are of the opinion that under the provisions of Articles 2716 of the Civil Code reading:

"The repairs, which must be made at the expense of the tenant, are those which, during the lease, it becomes necessary to make:

"To the hearth, to the back of chimneys and chimney casing.

"To the plastering of the lower part of interior walls.

"To the pavement of tombs, when it is but partially broken, but not when it is in a state of decay.

"For replacing window glass, when broken accidentally, but not when broken either in whole or in their greatest part by a hail storm or by any other inevitable accident.

"To windows, shutters, partitions, shop windows, locks and hinges, and everything of that kind, according to the custom of the place."

It was the duty of the plaintiffs to have placed a hook on the screen and not the duty of the defendants, and that the plaintiffs cannot recover against the defendants, owners (Brodtman vs. Finerty, 116 La. 1103, 41 South. 329; Moore vs. Aughey, 142 La. 1042, 78 South. 110; Harris vs. Tennis, 149 La. 295, 88 South. 912).

The judgment appealed from is affirmed.