## CORNELIO v. VIOLA. *
### No. 16079.

Court of Appeal of Louisiana. Orleans.
May 13, 1935.

---

*Rehearing denied June 10, 1935.

A. H. Reed, of New Orleans, for appellant.

Chas. J. Rivet, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit by the daughter of a tenant against a landlord for $7,500 as damages for physical injuries alleged to have been caused by a falling shutter attached to the leased premises. From a judgment maintaining an exception of no cause of action, plaintiff has appealed.

The petition alleges that the defendant, Frank Viola, rented the premises No. 2437 Royal street to Mrs. B. G. White, plaintiff's mother, in March, 1934, for a monthly rental of $13; that subsequently plaintiff, Frances White Cornelio, and her husband rented a part of the premises from her mother for $6.50 per month; that when plaintiff's mother rented the premises the house was badly in need of repairs, particularly the shutters attached to the windows of the premises, the hinges of which were rusty and insecurely fastened; that plaintiff's mother, before agreeing to rent the premises, insisted upon the repairs being made by the defendant landlord, who agreed to do so at once; that notwithstanding defendant's promise, no effort was made to effect the repairs until the 20th of October, 1934, or seven months later, when defendant sent a workman to the house for that purpose who remained only one day; that the shutters, which had been kept closed due to their dilapidated condition, were opened by this workman, and one in particular which was hanging only by one old rusty hinge; that on the 30th of October, 1934, plaintiff, while carrying a garbage can in her hand and walking through the alleyway, slipped and fell against the house, causing this shutter to fall and strike her on the head, with the result that she, being pregnant at the time, miscarried and suffered mentally and physically in consequence.

The exception of no cause of action is based upon article 2716, R. C. C., which enumerates the repairs which the lessee is obliged to make during the lease, including the repairs to the windows and shutters of the leased premises. The article reads in part as follows:

"The repairs, which must be made at the expense of the tenant, are those which, during the lease, it becomes necessary to make:

"* * * To windows, shutters, partitions, shop windows, locks and hinges, and everything of that kind, according to the custom of the place."

We are referred to Brodtman v. Finerty, 116 La. 1103, 41 So. 329, as being directly in point. In the cited case a tenant's wife sued the landlord for damages for injuries resulting to her hand caused by a falling shutter. Recovery was denied upon the ground that under article 2716 it was the duty of the tenant, and not that of the landlord, to make repairs to the shutter.

In Harris v. Tennis, 149 La. 295, 88 So. 912, 913, an appliance attached to a rotten window frame gave way, causing the sash to fall upon and crush the hand of the wife of the tenant. The court held that there could be no recovery "inasmuch as the person in default for failure to make the repair was plaintiff's husband."

The instant case, however, is not controlled by article 2716, but by article 2693, which reads as follows:

"The lessor is bound to deliver the thing in good condition, and free from any repairs. He ought to make, during the continuance of the lease, all the repairs which may accidentally become necessary; except those which the tenant is bound to make as hereafter directed."

And article 2322 reads:

"The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice in its original construction."

The plaintiff, a subtenant of her mother, claims to have been injured because of the failure of the landlord to deliver the leased premises in "good condition, and free from any repairs," as he had agreed, and as the law obligated him to do. The repairs, the neglect of which is said to have caused the accident, were not such as were made necessary during the continuance of the lease, as was the case in Brodtman v. Finerty and Harris v. Tennis, supra.

In so far as the exception may raise the question of contributory negligence, to which little attention was given in brief or argument, we believe the case of Gibbs v. Illinois Central R. Co., 169 La. 450, 125 So. 445, 447, is in point. It was there held that

where the facts alleged do not "show affirmatively that the deceased was guilty of contributory negligence, and that such negligence was the proximate cause of his death, the exception should not be maintained."

In our opinion the exception of no cause of action should have been overruled. Consequently, and for the reasons assigned,

The judgment appealed from is reversed, the exception of no cause of action is overruled, and it is now ordered that this cause be remanded to the civil district court for the parish of Orleans for further proceedings according to law and consistent with the views herein expressed.

Reversed and remanded.