**HUTCHINS v. PICK et al.** *

No. 16227.

Court of Appeal of Louisiana. Orleans.

Nov. 18, 1935.

---

Blasi & Sehrt, of New Orleans, for appellant.

Edw. S. Spiro, of New Orleans, for appellees.

WESTERFIELD, Judge.

This is an appeal from a judgment denying to a tenant recovery as against the owners of the leased premises in an action for damages due to physical injuries alleged to have been sustained because of a defect in the premises.

The petition alleges that as plaintiff was attempting to descend the front steps of her residence the shutter door fell from its hinges and struck her on the right arm, fracturing it just above the wrist. She alleges that the accident was due solely "to the decayed condition of the hinges and screws which were holding the shutter in the casing of the front door and the lack of repair and the neglected condition in which same was left." For pain and suffering, mental anguish, and loss of wages she claimed a total of $4,000.

Defendants filed exceptions of no cause of action and of misjoinder, which were overruled, and answering to the merits, denied all responsibility for the accident.

The plaintiff's case is based upon article 2695 of the Revised Civil Code, which declares: "The lessor guarantees the lessee against all the vices and defects of the thing, which may prevent its being used even in case it should appear he knew nothing of the existence of such vices and defects, at the time the lease was made, and even if they have arisen since, provided they do not arise from the fault of the lessee; and if any loss should result to the lessee from the vices and defects, the lessor shall be bound to indemnify him for the same."

Among other defenses, the defendants rely, first, on article 2716, R. C. C., which reads:

"The repairs, which must be made at the expense of the tenant, are those which, during the lease, it becomes necessary to make:

"To the hearth, to the back of chimneys and chimney casing.

"To the plastering of the lower part of interior walls.

"To the pavement of rooms, when it is but partially broken, but not when it is in a state of decay.

"For replacing window glass, when broken accidentally, but not when broken either in whole or in their greatest part by a hail storm or by any other inevitable accident.

"To windows, shutters, partitions, shop windows, locks and hinges, and everything of that kind, according to the custom of the place."

*Rehearing denied Dec. 16, 1935. Writ of error refused by Supreme Court Feb. 3, 1936.

▆▆ Plaintiff contends that the defendants are estopped from availing themselves of the provisions of this article because of their conduct in voluntarily undertaking to make the repairs themselves, citing Herbert v. Herrlitz (La. App.) 146 So. 65, and, in the alternative, argues that article 2717, R. C. C., exempts from the repairs which the tenant is obliged to make at his expense such as are due to decay, according to the express terms of the article, which reads as follows: "The expenses of the repairs, which unforeseen events or decay may render necessary, must be supported by the lessor, though such repairs be of the nature of those which are usually done by the lessee."

Considering, first, the right of the defendants to make the defense relied upon, we find from the transcript that no repairs were undertaken by the owners of the premises during the occupancy of plaintiff. The repairs which were made by the owners were effected several months before plaintiff leased the property.

The case of Herbert v. Herrlitz, supra, which is relied upon by plaintiff, was decided by this court and is authority for the proposition that, where the landlord undertakes to make repairs, the expense for which is placed by law upon the tenant, he may be held liable for the result of their defective execution, because, in voluntarily undertaking to make the repairs, he assumed the obligation to make them properly, but the holding in that case cannot be said to apply when the repairs were made before the property was leased to the injured tenant. It is well established that where an injury results from the failure of a tenant to make the repairs, which under article 2716, must be made at his expense, there can be no recovery as against the landlord. Moore v. Aughey, 142 La. 1042, 78 So. 110; Yates v. Tessier, 5 La. App. 214; Taul v. Graffato, 13 Orleans App. 338.

Article 2717, it is said, especially exempts from the repairs, which the tenant under article 2716 is required to make at his expense, those due to decay, and since, in this case, the accident was due to the rottenness and decay of the hinges and door frame to which the shutters were attached, the responsibility rests upon the landlord. We believe the record fairly establishes the fact upon which this argument is based, and we find as a fact that the decay and rottenness of the door frame was the cause of the accident which resulted in the breaking of plaintiff's arm, and, were we privileged to indulge our own views, as a matter of first impression we might be inclined to agree with counsel. However, the question is foreclosed by the decision of our Supreme Court in Harris v. Tennis, 149 La. 295, 88 So. 912, 913, where it was squarely presented in a case which cannot be distinguished in principle from the instant one. There the plaintiff was injured because of the rottenness of a window frame to which was attached an appliance for holding up the window sash, which appliance gave way, causing the sash to fall and crush plaintiff's hand. The court, after referring to the fact that plaintiff relied upon article 2717, declared that the case was controlled by article 2716 and held that, "inasmuch as the person in default for failure to make the repair was plaintiff's husband [the tenant], she cannot recover of defendant." No reasons are given in the opinion, which is very brief, for the conclusion reached by the court. However, its effect is emphasized by a vigorous dissent by Chief Justice Monroe, who discussed with approval the points relied upon by counsel in the case at bar.

▆▆ It will be noted that the concluding paragraph of article 2716, which refers to shutters as being included in those things which the tenant is required to repair at his own expense reads as follows: "To windows, shutters, partitions, shop windows, locks and hinges, and everything of that kind, according to the custom of the place."

During the course of the trial below, plaintiff offered to prove that repairs were not customarily made by the tenant in this locality, and she complains of a ruling of the court a qua excluding that testimony upon the ground that the phrase "according to the custom of the place" must be deemed to qualify the words windows, shutters, et cetera, with the result, she argues, that it is only when local custom requires a tenant to make repairs to windows, shutters, et cetera, that he is obligated to do so under this article. In our opinion, the words "according to the custom of the place" do not restrict the application of the article in the manner contended for by plaintiff, but, rather, enlarge upon its effect by including, in addition to repairs to the windows, shutters, et cetera, "everything of that kind," which, "according to

the custom of the place," are usually made by the tenant. It follows that the evidence tendered for the purpose of showing that shutters were not customarily repaired by a tenant in this locality was inadmissible because the codal article, eo nomine, required the tenant to make repairs to the shutters.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.

McCALL, Judge ad hoc, participating in absence of LECHE, Judge.