## TESORO v. ABATE. *
### No. 16520.

Court of Appeal of Louisiana. Orleans.
March 22, 1937.

*Rehearing denied April 19, 1937. Writ of certiorari refused May 24, 1937.

Cabral, Lenfant & Villere, of New Orleans, for appellant.

Jacob H. Morrison, of New Orleans, for appellee.

McCALEB, Judge.

The plaintiff alleges that, on November 11, 1932, he was a boarder in the premises, 1207 Touro street, in the city of New Orleans, which had been rented by the defendant to a Mrs. Lillian Burtanong; that, on said date at about 6 a. m., he was going out of the rear door of the premises, which connects with steps leading into the yard, and while in the act of closing said rear door, the outside doorknob thereof unexpectedly came off, causing him to lose his equilibrium and to be thrown down the back stairs into the yard, resulting in severe injuries to his body, for which he seeks recovery of damages in the sum of $5,000. He claims that the sole cause of the accident was the negligence of the

defendant owner of the property in not having the doorknob on the rear door of the premises properly fastened and secured to the door and in allowing a defect to exist therein which was not noticeable to the plaintiff prior to his fall.

Defendant appeared and filed an exception of no cause of action, which was overruled, and, in answer to the petition, he admitted ownership of the property but denied any negligence on his part which resulted in injury to the plaintiff. For further answer, he averred that if the court should find him guilty of fault, then, alternatively, the plaintiff was contributorily negligent.

The case was tried, and the district judge, after hearing the evidence, found for the defendant and dismissed plaintiff's suit on the ground that, under the provisions of article 2716 of the Revised Civil Code, if the doorknob, which caused the injury, was in need of repair; it was a repair due by the tenant and not by the owner of the premises. The plaintiff has appealed to this court from the adverse judgment.

The facts of the case, as testified to by the plaintiff and his witnesses, are as follows:

On November 9, 1932, Mrs. Lillian Burtanong entered into a verbal agreement with the defendant to rent the premises, 1207 Touro street, from month to month. At the time she took possession of the property, it was delivered to her in good condition, except that the outer doorknob of the back door of the house was missing. She testifies that, when she noticed the absence of the doorknob, she mentioned this fact to the defendant. Thereupon, he gave her a doorknob and told her to put it on the door as best she could, informing her that he would send her the screw for it the next day. She further says that, in obedience to defendant's instructions, she inserted a nail in the slot (where the screw is ordinarily placed) in order to connect the knob with the door, so that it could be used. A day or two later the plaintiff, an uncle of Mrs. Burtanong, came to the premises to board with her. He states that, on the day of the accident at about 6 o'clock in the morning, he opened the rear door of the premises (it being his intention to go into the rear yard thereof), and that he was on the steps in the act of closing this door when the knob came off suddenly and unexpectedly, causing him to lose his balance and to be thrown down the rear steps into the yard. As a result thereof, he sustained a fracture of his leg. His testimony, respecting the fact that the doorknob came off, is corroborated by Mrs. Burtanong and a neighbor named Mrs. Canlas.

The defendant brought out, on cross-examination of the plaintiff, that he is a semiparalytic and that, most of the time, he uses a cane to assist him in walking. The defendant also tendered the evidence of one Blank, his son-in-law, who testified that he did the repair work to the premises prior to the time it was rented to Mrs. Burtanong and that, at that time, the knob on the rear door was in place and not in need of repair.

One Samuel Caruso also testified for the defendant. He says that he had occasion to talk to Mrs. Burtanong three or four days after the accident and that she told him that the plaintiff had gone out into the yard to wash a coffee pot, and when he was coming up the rear steps, his leg gave away on him "because he has what they call a chalk leg. He has been that way 20 to 25 years."

Notwithstanding the conflict between the stories given by plaintiff's and defendant's witnesses, we feel compelled to accept the testimony of plaintiff and his witnesses as genuine. The defendant was present at the trial and he failed to take the witness stand and rebut the testimony of Mrs. Burtanong. It is fair, therefore, to presume that her version of the incident, respecting the doorknob, is correct. Moreover, we find no reason why we should not give credence to the story told by the plaintiff as to the manner in which the accident happened.

Being of the opinion that plaintiff has substantiated the allegations of his petition concerning the nature of his fall, we next consider whether or not the defendant, as owner of the premises, is liable to him in damages as a legal consequence of the accident. The primary contention of the defendant is that the accident was not caused through any lack of duty imposed upon him by law, but, on the contrary, that under article 2716 of the Code, the obligation to repair the doorknob was upon Mrs. Burtanong, the tenant, and therefore the proximate cause of the injury to plaintiff was the negligence of Mrs. Burtanong in making a faulty repair.

On the other hand, counsel for plaintiff, while admitting that a repair to a doorknob is a duty which rests upon the tenant under article 2716, postulates that the defendant in the first place was required, under article 2693, to deliver the premises to Mrs. Burtanong in good condition and free from repair, which he has admittedly failed to do, and furthermore, that the defendant assumed, notwithstanding the provisions of article 2716, to make the repair himself and appointed the tenant, Mrs. Burtanong, as his agent for that purpose, It is argued from this premise that when Mrs. Burtanong made the defective repair to the doorknob, she was not acting in her own stead but as agent for the defendant and hence he is liable for her negligence.

It will be observed, from the statement of the issues of law here involved, that the problem to be solved is not free from difficulty, in view of the numerous decisions of our courts, respecting the obligations of owners of buildings to third persons under articles 670 and 2322 of the Code, and also in respect to the obligations of the lessor to his tenants under Articles 2693–2695.

Fortunately, however, since the decision of the Supreme Court in the leading case of Klein v. Young, 163 La. 59, 111 So. 495, 498, many doubts, which formerly existed in the jurisprudence, have been cleared up and definitely settled.

 It must be borne in mind, at the outset, that this is a suit ex delicto for damages between a third person (rightfully on the premises) and the owner, whereby the plaintiff claims that he has been injured due to the failure of the defendant to perform certain obligations imposed by law. There are two articles of the Civil Code under which a third person may claim damages from the owner of a building because of the owner's failure to keep his building in repair. Those articles are No. 670 and No. 2322. Article 670 provides: "Every one is bound to keep his building in repair, so that neither their fall, nor that of any part of the materials composing them, may injure the neighbors or passengers, under the penalty of all losses and damages, which may result from the neglect of the owner in that respect." A reading of the foregoing does not reflect an intention on the part of the framers of the Code to include protection to a third person who has come into the premises either through invitation of the owner or other persons lawfully in possession thereof. Such was the construction formerly placed by the Supreme Court upon this particular article. See McConnell v. Lemley, 48 La.Ann. 1433, 1438, 20 So. 887, 34 L.R.A. 609, 55 Am.St.Rep. 319. But, later, in the case of Schoppel v. Daly, 112 La. 201, 36 So. 322, the restricted interpretation of the article (670) was overruled and the court found that its provisions should be interpreted broadly so as to protect persons rightfully within as well as those without the building. And the ruling thus made has been repeatedly recognized and reaffirmed by the Supreme Court ever since that time. See Cristadora v. Von Behren's Heirs, 119 La. 1025, 44 So. 852, 17 L.R.A.(N.S.) 1161; Boutte v. New Orleans Terminal Co., 139 La. 945, 946, 72 So. 513; Wise v. Lavigne, 138 La. 218, 70 So. 103; Allain v. Frigola, 140 La. 982, 74 So. 404; Ciaccio v. Carbajal, 145 La. 869, 83 So. 73; Thomson v. Cooke, 147 La. 922, 86 So. 332; Breen v. Walters, 150 La. 578, 91 So. 50; Davis v. Hochfelder, 153 La. 183, 95 So. 598; and Klein v. Young, supra.

Article 2322 reads: "The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice in its original construction." The language of this article of the Code has also received a broad interpretation by our courts, and it has been held, in the foregoing cases and in others too numerous to mention, that a person rightfully in the building has a cause of action in damages against the owner, where he is injured, by reason of a vice or defect existing therein, either due to decay or because of its need of repair. Article 2322, although narrow in its terms, has been construed with article 2315 (the omnibus statute which makes all persons liable for the consequences of their faults), with the result that the article has been enlarged in its scope, and is applicable to the facts of the case under consideration. Thus, if it was the duty of the defendant in the case at bar to repair the doorknob of the premises in which the plaintiff was injured, then liability, under the two aforementioned articles of the Code, is complete.

However, counsel for the defendant tells us that, under article 2716, the duty of repairing doorknobs, hinges, and other incidentals in the tenement, is not upon the owner, where the property is under lease,

and that the law has shifted responsibility for repairs to the appurtenances covered by article 2716 from the shoulders of the landlord or owner to those of the tenant. He further maintains that, notwithstanding articles 670 and 2322, recovery by a third person against an owner will not be permitted where the injury occurs, while the property is under lease, and results from the failure of the tenant to make a repair which was imposed upon the latter by article 2716. In support of the proposition, the cases of Brodtman v. Finerty, 116 La. 1103, 41 So. 329; Harris v. Tennis, 149 La. 295, 88 So. 912; and our decision in Hutchins v. Pick et al., 164 So. 173, are cited.

In Brodtman v. Finerty, the tenant and his wife sued the landlord for damages inflicted upon her hand by the falling of a shutter while she was attempting to close it. The negligence charged to the landlord was that he failed to supply a new hinge in place of one that was broken. The court held that neither the wife nor the husband had a right of action because, under article 2716 of the Code, it is the duty of the tenant and not the landlord to make repairs to the windows, shutters, locks, and hinges of the leased premises.

In Klein v. Young, supra, Chief Justice O'Neill, as organ of the court, discusses all of the previously decided cases. In that matter, it was held that a landlord could not contract away the liability imposed upon him by law (viz., Civil Code, arts. 670, 2315, and 2322) to third persons who are injured, while rightfully on the leased premises, due to the failure of the landlord to keep his building in repair. In distinguishing the case from the decision in Brodtman v. Finerty, the court observes: "The case (Brodtman v. Finerty) was not one where a landlord attempted to absolve himself from responsibility for negligence by contracting with some one else to assume the responsibility. There was no obligation *imposed by law* upon the landlord to repair shutters or hinges." (Parenthesis ours.)

The case of Harris v. Tennis amply sustains the proposition contended for by the defendant that, notwithstanding articles 670 and 2322 of the Code, the landlord is not liable for injury to a third person where the accident occurs because of the failure of the tenant to make repairs, which are imposed upon the latter by law (viz., article 2716). There, the

wife of the tenant brought suit to recover for personal injuries received by her owing to the rottenness of a window frame of a house leased by the defendant owner to her husband. The Supreme Court, in dismissing her suit on exception of no cause of action, held that, under article 2716, her husband, the tenant, was responsible for the repair to the window frame during the existence of a lease and that therefore she was without remedy against the owner of the building. Chief Justice Monroe dissented on the ground that, even though article 2716 places responsibility on the tenant for repairs to window frames, still the fact appeared in the petition that the window frame had become decayed and that article 2717 of the Code made the landlord responsible for all vices in the building which were occasioned by decay.

The majority view in that case was approved in Klein v. Young wherein the decision is commented upon and distinguished in the following language: "The point of distinction is that in that case the law did not impose the obligation upon the landlord to make the repair that was neglected."

In our case of Hutchins v. Pick et al., supra, the action was by the tenant against the landlord for injuries sustained when, due to the decayed condition of the hinges and screws of a shutter door in the leased premises, it fell. We found that the tenant could not recover because the repair was due by her under article 2716. However, that case is without application to the point at issue, for the obvious reason that there the suit was brought by the tenant, while here the action is by a third person.

A review of the foregoing authorities (excepting Hutchins v. Pick) demonstrates that, where an injury to a third person, rightfully on the leased premises, occurs, during the existence of the lease, by reason of a failure of the tenant to make repairs due by him under article 2716, the landlord or owner is not liable to such third person in damages under articles 670, 2315, and 2322.

But counsel for plaintiff tell us that, in Herbert v. Herrlitz, 146 So. 65, we construed the opinion of the Supreme Court, in Klein v. Young, to mean that a third person has a cause of action against the owner of a building, where such third person is injured because of the failure to repair the building, irrespective of whether the repairs are due by the owner

or the tenant. It is true that there are remarks in that decision which would support such a result, but those statements are obiter dicta and were not necessary to the conclusion reached. At the time that opinion was written, our attention had not been specifically directed to the case of Harris v. Tennis, which has never been modified or overruled by the Supreme Court.

Applying the jurisprudence to the facts of the case at bar, we find that the repair to the doorknob of the defendant's premises was due, under article 2716, by Mrs. Burtanong, the tenant in the premises at the time the accident occurred. She actually made the repair in a defective manner and the plaintiff, a third person upon those premises, was injured as a proximate result of her negligence.

Plaintiff's counsel, however, contend that, under article 2693 and article 2695 of the Code, it was the duty of the defendant to deliver the leased premises in good condition and free from any repairs and that he further guaranteed the lessee against all of the vices and defects existing therein at the time of the lease. It is maintained that the testimony shows that the defendant did not comply with the obligation imposed upon him by these articles of the Code and that, at the time the premises were delivered to Mrs. Burtanong, they were defective in that the doorknob was not affixed to the rear door thereof. The vice of this argument consists in the fact that the plaintiff, a third person, may not rely upon articles 2693 and 2695 as a ground for recovery in this case. His action is limited to the rights conferred upon him by the Codal articles 670, 2315, and 2322. Articles 2693 and 2695 are under the general heading "Leases" in the Code and apply only as between the parties to the leased contract. This view is fortified by the language of the Supreme Court in Klein v. Young, where, on pages 62 and 63 of 163 La., on page 497 of 111 So., it is said:

"Articles 2693-2695 impose upon every lessor of a building the obligation to keep it in repair (except as to the minor repairs listed in article 2716), to guarantee the lessee against vices or defects and to indemnify him if he suffers any loss in consequence of any vice or defect in the leased premises. Articles 2693-2695 are under the title dealing with the contract of lease in the section defining the obliga-

tions of the lessor. They import into every contract of lease, where there is no stipulation on the subject, the obligation of warranty on the part of the lessor to keep the building in repair, which obligation is *in favor of the lessee only, and has nothing to do with the obligation resulting ex delicto in favor of any other person injured in consequence of neglect on the part of the owner of a building to keep it in repair. The lessee may, of course, as a condition of the contract of lease, dispense with the implied warranty in his favor, under articles 2693-2695 in which event, of course, no sublessee can enforce it. But the lessee cannot, by assuming the obligation, absolve the owner of the building from his responsibility to third persons who may be injured in consequence of the owner's neglect of a duty imposed by law in their favor.*" (Italics ours.)

From the foregoing quotation, it will be readily seen that the plaintiff may not base his cause of action on the failure of the defendant to deliver the premises to Mrs. Burtanong in good condition. The obligation of the defendant, in favor of the plaintiff, is grounded solely upon articles 670, 2315, and 2322 of the Code. In passing, we observe that the language of the Supreme Court, in Klein v. Young, supra, probably prompted this court, in Herbert v. Herrlitz, in remarking that, irrespective of the duties and obligations between lessor and lessee, a third person might have a cause of action against the lessor even though the failure to make the repair was imposed upon the lessee under article 2716. The language used by the court, in Klein v. Young, certainly points to this result, and justifies the dicta contained in Herbert v. Herrlitz. The only fault we now find with the remarks made in the latter case is that the observations are contrary to the decision of Harris v. Tennis, which case has never been overruled, but, on the contrary, is distinguished and impliedly approved by the Court in Klein v. Young.

But counsel for plaintiff further assert that (even though we should find that the repair to the doorknob was ordinarily due by Mrs. Burtanong under article 2716) the defendant is, nevertheless, liable because he assumed to make the repair to the doorknob and appointed the tenant, Mrs. Burtanong, as his agent for that purpose. Reliance is placed in our decision of Herbert v. Herrlitz where we held that although, under article 2716, a

certain repair would ordinarily be due by the tenant that the landlord may, in spite thereof, become liable if he assumes or undertakes to make such repair. But can it be fairly said, in the instant case, that the defendant assumed or undertook to make the repair? Mrs. Burtanong testified that, at the time the premises were delivered to her, she complained of the fact that the rear doorknob was missing, and that the defendant, thereupon, gave her a doorknob and told her to adjust it as best she could. We cannot agree with counsel that the defendant, by giving Mrs. Burtanong the doorknob and telling her to put it on as best she could, undertook to make the repair, unless it can be found that he appointed her as his agent for this particular purpose. And we cannot conceive that the act of the defendant can be logically determined to mean that he constituted the tenant as his agent. In the first place, it is conceded that the property was delivered to Mrs. Burtanong in good condition except for the absence of the doorknob on the outside of the rear door. If she had not made a faulty repair to this rear door, the accident to plaintiff could not have happened. The mere fact that the defendant gave her the doorknob and told her to put it on the door as best she could does not, in our opinion, shift the responsibility for making the defective affixation of the knob from her shoulders to those of the defendant. The repair was admittedly made during the existence of the lease, and under, article 2716, it was an obligation imposed upon Mrs. Burtanong. She made this repair in a defective manner and, as a result of her negligence, her uncle, the plaintiff, was injured. Under these circumstances, it would be highly unjust to hold the defendant in damages.

It is true that the jurisprudence of this state has broadened the language of articles 670 and 2322 of the Code to such an extent that the owner of a building practically insures any third person, rightfully on the premises, against injury caused by the vices or defects of the building due either to construction or failure to make repairs. And this is so even though the property is in possession of a tenant and the owner is not acquainted with the fact that some of the appurtenances of the building are in need of repair. The basis of liability for any tort is fault, and the decisions have presumed negligence on the part of the owner whether such negligence actually existed or not. But the cases have never gone so far as to hold the landlord responsible to the third person, where, during the existence of a lease, the injury results from the failure of the tenant to make repairs, which were, by article 2716, due by such tenant. As was pointed out by Judge Leche in Heath v. Suburban Building & Loan Ass'n (La.App.) 163 So. 546, 551, in discussing this question: "It seems, then, that in accordance with the current jurisprudence in this state there is no liability to a licensee unless there was negligence on the part of the owner, or unless the damage can be shown to have occurred as the result of a vice in original construction."

In the instant case, the injury was not caused by a vice in the original construction of the building, but on account of the failure of the tenant to properly make a minor repair, imposed upon her by law.

The established jurisprudence, respecting the liability of a house owner to third persons, is harsh, to say the least, and we feel that it does not lie within the province of this court to extend that responsibility, which would be the plain result, were we to hold the defendant liable.

The acceptation by us of the theory of the case presented by the plaintiff rejects the idea that the defendant was guilty of either actual or constructive negligence, and it follows that the district judge was correct in dismissing the suit.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.

WESTERFIELD, J., dissents.