This is a suit by a tenant against her landlord for damages for physical injuries, in the sum of $2,069.51, said to have been caused by a fall, which is alleged to have been occasioned by a defect in the leased premises.
The defendant denied that plaintiff fell as she alleged and also that there was any defect in the leased premises.
There was judgment below dismissing plaintiff's suit and she has appealed.
Miss Inez Johnson, the plaintiff, testified to the effect that on July 10th, 1937, when she stepped out on a small rear porch of the leased premises No. 3712 Louisiana Avenue, with the intention of walking down the steps leading to the pavement below, "it sunk suddenly, which caused me to lose my balance, which resulted in my being thrown down those steps" and that as a result of the fall she suffered a sprained ankle, a sprained sacro-iliac joint and severe shock. Upon cross-examination, in answer to interrogatories propounded by opposing counsel, plaintiff stated that after the accident she went back "to the scene of the crime, as I will call it, and noticed that condition there", which caused her to come to the "conclusion and opinion" that the condition of the end board caused the fall.
There were no eye-witnesses to the accident, but it is conceded by opposing counsel and so held by the trial court that plaintiff fell down the steps.
There is no question of law involved since the liability of the owner and lessor to a tenant for injuries caused by a defective condition of the leased premises is well established. Klein v. Young, 163 La. 59, 111 So. 495; Heath v. Suburban Building Loan Association, La.App., 163 So. 546; Tesoro v. Abate, La.App., 173 So. 196; Morris v. Hava, La.App., 180 So. 216. The sole question is whether plaintiff's fall was due to a defective condition of the floorboard of the porch.
In addition to Miss Johnson's evidence there is, in the record, a statement by Mr. A.F. Pelle, a photographer, to the effect that, about two months after the accident, the top step seemed to him to be worn.
The defendants produced an architect, Ernest W. Jones, who testified that he examined the steps and the porch about a year after the accident, particularly the end board which, plaintiff says, caused her to fall and found them in good condition. Both defendants, Mr. and Mrs. J.C. Nichel, states that the porch and steps were in good condition at the time of the accident. Repairs were made to the steps after the accident, but not to the floorboard which plaintiff says caused her fall.
In order to recover plaintiff is obliged to make her case legally certain. In our opinion she has failed to do so. She, *Page 781 
herself, is uncertain as to the cause of her fall and did not reach a conclusion in that respect until she had walked back to the top step and then she expressed the "opinion" that it must have suddenly sunk beneath her weight and caused her to lose her balance.
The trial court, after hearing the witnesses, was of opinion that plaintiff had failed to make out her case and the record supports that conclusion, consequently and
For the reasons herein assigned the judgment appealed from is affirmed.
Affirmed.