AYRES, Judge.
This is an action for damages for personal injuries allegedly sustained by plaintiff when her fingers were crushed while attempting to lower a window in a leased residence. While being lowered, the window fell when the window cord, due to its deteriorated condition, broke. Made defendants were plaintiff’s lessors and their insurer.
Negligence charged to the lessors consisted of their failure to properly construct, maintain, or repair the leased premises, particularly the window cord. The defense is that, if the alleged accident occurred as a result of a defect in a window of the leased premises, it was the obligation of petitioner, as lessee, to repair it at her expense. In the alternative, defendants alleged that plaintiff was guilty of contributory negligence. From a judgment rejecting plaintiff’s demands, she appealed.
Plaintiff’s demands are predicated upon the provisions of LSA-C.C. Art. 2695 which stipulates:
“The lessor guarantees the lessee against all the vices and defects of the thing, which may prevent its being used even in case it should appear he knew nothing of the existence of such vices and defects, at the time the lease was made, and even if they have arisen since, provided they do not arise from the fault of the lessee; and if any loss should result to the lessee from the vices and defects, the lessor shall be bound to indemnify him for the same.”
She also relies upon LSA-C.C. Art. 2717 which reads:
“The expenses of the repairs, which unforeseen events or decay may render necessary, must be supported by the les *774 sor, though such repairs be of the nature of those which are usually done by the lessee.”
The defense is predicated upon LSA-C.C. Art. 2716. This article provides:
“The repairs, which must be made at the expense of the tenant, are those which, during the lease, it becomes necessary to make:
* * * * * *
“To windows, shutters, partitions, shop windows, locks and hinges, and evei'ything of that kind, according to the custom of the place.”
Art. 2716 was originally Art. 30 of the Civil Code of 1808, which, with reference to the obligations of lessees, so far as is pertinent, stated:
“He is also bound to keep in repair the doors, window shutters, the partitions, the shop windows, the locks and every thing of that kind as is regulated by customs.”
The decision in Harris v. Tennis, 149 La. 295, 88 So. 912 (1921), is decisive of the issues herein presented. In reviewing the facts as alleged, the court stated:
“Plaintiff alleges that, owing to the rottenness of the window frame of the house leased by defendant to her husband, in which they lived, the appliance for holding up the sash gave way, and the sash fell upon her hand and crushed it, and she sues the defendant lessor in damages.”
After stating her claim was founded upon LSA-C.C. Art. 2717, but that the case fell under Art. 2716, the court concluded that
“Inasmuch as the person in default for failure to make the repair was plaintiff’s husband, she cannot recover of defend- . ant.” (88 So. 912, 913.)
It is well established that, where an injury results from the failure of a tenant to make the repairs, which, under LSA-C.C. Art. 2716, must be made at his expense, there can be no recovery as against the landlord. Moore v. Aughey, 142 La. 1042, 78 So. 110 (1918); Yates v. Tessier, 5 La. App. 214 (1926); Hutchins v. Pick, 164 So. 173, La.App., Orleans 1935. Nor is it material that the tenant was ignorant of the defect. Moore v. Aughey, supra.
The rule denying recovery to a lessee even extends to the lessee’s wife. In Farve v. Danna, 181 So. 823, La.App., Orleans 1938, it was held that the plaintiff, having asserted that the cause of the accident was due to the defective hinges of the door which fell upon her, had shown conclusively that she was without a cause of action against the defendant owner of the property forasmuch as, under the provisions of LSA-C.C. Art. 2716, the duty was imposed upon her husband, as tenant, and not upon the defendant, as lessor, to keep the hinges in repair. See, also, Brodtman v. Finerty, 116 La. 1103, 41 So. 329 (1906); Tesoro v. Abate, 173 So. 196, La.App., Orleans 1937 (writ refused).
Thus, as LSA-C.C. Art. 2716 enumerates certain minor repairs which the tenant is required to make for himself, there can be no recovery for injuries flowing from these enumerated items. This applies where the injury is to the tenant himself or to the members of his family. The result in most cases, it appears, is the same as that accomplished by the Brodtman decision, since most of the trifling repairs fall into the enumerations of this article.
Therefore, for the aforesaid reasons, the judgment appealed is affirmed at plaintiff-appellant’s cost.
Affirmed.