REDMANN, Judge.
Lessees appeal from a judgment dismissing on the merits their suit against the lessor for injuries allegedly received from a door on the leased premises which fell from its hinges.
Lessees theorize the district judge may have dismissed on the legal ground that C. C. art. 2716’s obliging the lessee to repair hinges also negates the lessor’s liability; see Moore v. Aughey, 1918, 142 La. 1042, 78 So. 110; Harris v. Tennis, 1921, 149 La. 295, 88 So. 912 (but see dissent at 913). This legal issue was raised by defendant’s exception of no cause of action. The overruling of that exception was precisely a refusal to dismiss on the argued legal theory. However, the overruling was by a different trial judge and it is arguable that the judge who tried the merits may have been unaware of or disagreed with that earlier ruling. But our review of the record shows that plaintiffs failed to prove that the door in fact fell. We therefore do not consider whether the lessor would be liable if the door had injured lessee.
Plaintiffs’ only evidence was the often inconsistent testimony of the injured wife that the door fell on her and rendered her unconscious and the testimony of her husband that the door had fallen, that the wooden frame had rotted, that the lessor after the accident had the door rehung, and that the hinges had to be moved on the painted frame to another location. The lessor (and to some extent his wife) contradicted the lessee on the door repair and insisted that the painted door and frame showed that the hinges had never been moved. The lessor further testified that the lessees had threatened to “get even” when asked to leave for nonpayment of rent. We decline to accept plaintiffs’ testimony as satisfying their burden of proof.
Plaintiffs did not produce the next door neighbor who allegedly administered to plaintiff’s wife nor the police crash-truck personnel who allegedly took her to' the hospital, nor a photograph of the door to show the moved hinges. This evidence could have corroborated plaintiffs’ testimony and contradicted that of defendant and his wife. It is plaintiffs’ burden to prove their case and we conclude they did not do so.
Affirmed.