CUTRER, Judge.
This is a suit by a tenant, Leola Nelson Stubbs, against her landlords, Lloyd and Gayle Lee, seeking damages due to personal injuries incurred by plaintiff as a result of an accident occurring on the rented premises. After trial on the merits, the trial court rendered judgment in favor of defendants and against plaintiff, dismissing plaintiff’s suit. From this judgment plaintiff appeals. We affirm.
On November 26, 1976, plaintiff was a tenant in an apartment owned by defendants. The apartment was equipped with a retractable bed, known as a “Murphy bed.” The bed, when in a raised position, was stored in a closet. Attached to the bed is a hinge device equipped with counterbalanced springs which facilitates the raising and lowering of the bed. This device is attached to the floor inside the closet by wood screws.
On this occasion, the bed was in a lowered position and plaintiff was in the process of storing some clothes in the extra space in the closet. While plaintiff was stooped over placing the clothes, she was struck across the face by a part of the hinge device which had suddenly come loose from the floor.
The trial court, in reasons for judgment, concluded that the screws had become loosened by use, allowing the apparatus to jump upward, striking plaintiff and causing facial injuries. The trial court concluded that, under the facts presented, the plaintiff and her husband were aware of the loosened screws and were under the duty to repair same under the provisions of LSA-C.C. Art. 2716. The trial court concluded that such repair was not an obligation of the landlords under the provisions of LSA-C.C. Art. 2695.
The issue presented on appeal is whether LSA-C.C. Art. 2695 or Art. 2716 is applicable to the facts herein.
Article 2695 provides as follows:
“The lessor guarantees the lessee against all the vices and defects of the thing, which may prevent its being used even in case it should appear he knew nothing of the existence of such vices and defects, at the time the lease was made, and even if they have arisen since, provided they do not arise from the fault of the lessee; and if any loss should result to the lessee from the vices and defects, the lessor shall be bound to indemnify him for the same.”
Article 2716 provides as follows:
“The repairs, which must be made at the expense of the tenant, are those which, during the lease, it becomes necessary to make:
To the hearth, to the back of chimneys and chimney casing.
*1176 To the plastering of the lower part of interior walls.
To the pavement of rooms, when it is but partially broken, but not when it is in a state of decay.
For replacing window glass, when broken accidentally, but not when broken either in whole or in their greatest part by a hail storm or by any other inevitable accident.
To windows, shutters, partitions, shop windows, locks and hinges, and everything of that kind, according to the custom of the place.”
Article 2716 enumerates certain minor repairs which, during the existence of the lease, must be made at the expense of the tenant. The courts of Louisiana have viewed these enumerated items in Article 2716 as non-exclusive.[1]
In the case of Vignes v. Barbarra, 5 So.2d 656 (Orl.App.1942), the plaintiff sought recovery for damages incurred when a screw pulled out of the ceiling causing the porch swing, in which plaintiff was seated, to fall. In denying the plaintiff recovery, the court stated:
“. . . It is true, of course, that by Article 2716 of the Civil Code it is required that certain repairs be made by the lessee, and we think it is also true that such things as hammock hooks, porch or swing hooks, etc., should be properly included among those things, and that they are contemplated by the last paragraph of the article, which places among the repairs to be made at the expense of the defendant, those ‘To windows, shutters, partitions, shop windows, locks and hinges, and everything of that kind, according to the custom of the place.’ ”
The lease herein, between the plaintiff and the defendant, was oral, and, there being nothing which would impose any additional burden on the lessor or relieve the lessee from making the minor repairs enumerated in Article 2716, the lessee is bound to make these minor repairs. We view the screws which secured the “Murphy bed” to the floor as one of those minor repairs envisioned by Article 2716.
Where an injury results from the failure of a tenant to make the repairs, which under LSA-C.C. Art. 2716 must be made at his expense, there can be no recovery against the lessor. Daniels v. Zurich Insurance Company, 184 So.2d 773 (La.App. 2nd Cir. 1966). The trial court correctly ruled that plaintiff was barred from recovery.
For the reasons assigned, the judgment of the district court is affirmed, and all costs of this appeal are assessed against the plaintiff.
AFFIRMED.

. Hutchins v. Pick, 164 So. 173 (Orl.App.1935), shutter door within contemplation of Art. 2716; Daniel v. Zurich Insurance Co., 184 So.2d 773 (La.App. 2nd Cir. 1966), window cord within contemplation of Art. 2716; Lowe v. Home Owners Loan Corporation, 1 So.2d 362 (Orl.App.1941), door knob included in Art. 2716.