424 So.2d 1104 (1982)
Kathleen BRADY, Individually and on Behalf of her minor child, Darryl BRADY
v.
RIVELLA DEVELOPERS, INC. and MFA Insurance Company.
No. 82 CA 0211.
Court of Appeal of Louisiana, First Circuit.
December 21, 1982.
*1105 Michael W. McKay, Roy, Kiesel, Patterson & McKay, Baton Rouge, for defendant, appellant.
Maurice P. Mathieu, Rhodes & Mathieu, Houma, for plaintiff, appellee.
Before PONDER, SAVOIE and ELLIS, JJ.
SAVOIE, Judge.
Defendants, Rivella Developers, Inc. and its insurer, MFA Insurance Company, appeal the trial court's finding of liability on their part in this tort action. Plaintiff, Kathleen Brady, individually and on behalf of her minor child, Darryl Brady, timely answered. Therein she requested an increase in the award of damages for Darryl's injuries. Further, she sought a reversal of that portion of the judgment denying her recovery for medical expenses.
On July 11, 1978, Darryl Brady (age 3) fell out of a second-story apartment window at the Casa Rivella Apartments. Darryl's mother, plaintiff herein, is the lessee of the apartment. Rivella Developers, Inc. is the owner and operator of said apartments.
At the time of the accident, the window was open because the central air conditioning unit which normally cooled the apartment had been inoperative for several days. Darryl was speaking to other children on the ground below when, apparently, he pressed against the screen. The screen fasteners gave way and the screen and Darryl fell.
The framed opening of the window through which Darryl fell was such as might be constructed to receive French doors. There was a ledge within the window opening, only inches off the floor, in which a child could sit, stand or kneel. The screen was framed by light-weight aluminum and had fasteners on the top and bottom to keep it in place. There were no guard rails of any kind.
The trial court found that the defendant knew that young children lived in the apartment. Further, it determined the defendants were aware that the air conditioner was broken, necessitating that the window be opened for ventilation. As such, the lower court concluded this situation created an unreasonable risk of harm to the children. Further, it was found to be reasonably foreseeable that the children would enter the window opening. The trial court concluded that such opening was not reasonably safe for its intended uses: ventilation and view. On this basis, the trial court held the defendants liable for their negligence which was a proximate cause of the accident. In contrast thereto, the lower court concluded defendants were not liable under the theory of strict liability.
Additionally, the trial court determined that Mrs. Brady was aware of the dangerous condition but chose to ignore it. She claimed it was someone else's responsibility. Thus, the lower court concluded that Mrs. Brady's inaction fell below the standard of conduct required for the protection of her children and constituted contributory negligence. Therefore, her recovery was barred.
Since Mrs. Brady's negligence was not attributable to her son, judgment was rendered on the child's behalf in the sum of $7,500.

Defendants' Assignment of Error No. 1
Defendants contend the trial court erred in finding them negligent. Louisiana tort law is founded in L.S.A.-C.C. art. 2315, which provides:
"Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."
*1106 While the trial court found liability in terms of proximate cause and foreseeability, recent decisions of our Supreme Court and the courts of appeal have used the duty/risk analysis to determine the liability of a defendant. Therefore, we shall address liability under a duty/risk analysis.
It is well settled in Louisiana that for a plaintiff to recover in negligence, he must prove that: (1) the act complained of was a cause-in-fact of the accident; (2) the defendant had a duty, either statutory or non-statutory, to protect this plaintiff against the cause of harm complained of; (3) the defendant breached his duty to protect this plaintiff; and (4) the plaintiff was harmed by the breach of the duty owed. Thornhill v. Louisiana Department of Transportation and Development, No. 14,823, 424 So.2d 331 (La.App. 1st Cir.1982), Mathews v. Elder International, 400 So.2d 251 (La.App. 4th Cir.1981), writ denied, 406 So.2d 609(La.1981).
In making a determination of liability under negligence, the first inquiry is whether the defendants' acts were a cause-in-fact of the accident. A review thereof shows that defendants failed to repair the air conditioning in the apartment, necessitating the opening of the window. Defendants knew that small children lived in the apartment and that the window had to be opened for ventilation purposes. Further, defendants knew that the window was constructed so as to be easily accessible to these children and that the screen was only lightly attached to it. Given defendants' knowledge and inaction in the present circumstances, we conclude defendants' omissions were a cause-in-fact of the accident.
The second inquiry is whether the defendants had a duty to protect this plaintiff from this type of harm. Defendants' duty is not to create or maintain an unreasonable risk of harm to others. Smolinski v. Taulli, 276 So.2d 286 (La.1973). The lower court found that the window created an unreasonable risk of harm to the children. It was also determined that it was reasonably foreseeable that the children would enter the window opening. As the record supports these conclusions, the trial court correctly determined that the risk to which Darryl was exposed falls within the duty owed by the defendants. Thus, the second element of the analysis has been met.
The third inquiry in this analysis requires a determination of whether the defendants breached their duty. The trial court found as a matter of fact that the defendants breached their duty by maintaining a condition which presented an unreasonable risk of harm to the children. We find no manifest error with the finding of fact. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), rehearing denied, January 26, 1979. This breach caused the injuries sustained by Darryl, thus satisfying the fourth inquiry as to damages. All of the essential elements of the duty/risk analysis having been met, we agree with the trial court holding defendants liable for Darryl's injuries.

Defendants' Assignment of Error No. 2
Defendants argue that the plaintiff's negligence, as found by the trial court, is an independent intervening cause, without which the accident could not have happened. As such, defendants claim their actions were not a proximate cause of Darryl's injuries.
"For wrongful conduct to be actionable negligence, it must be found to have been a cause in fact of the resulting harm. It must be a necessary antecedent of the harm, but it need not be the sole cause contributing to the harm." (Emphasis added). Kalmn, Inc. v. Empiregas Corporation, 406 So.2d 276 (La.App. 3rd Cir.1981); See also Dixie Drive It Yourself Systems v. American Beverage Company, 242 La. 471, 137 So.2d 298 (1962).
Earlier in this opinion, this court addressed the question of defendants' negligence and determined that it was a cause-in-fact of Darryl's injuries. As such, it is actionable negligence and a finding that another cause contributed to the harm will not relieve defendants of their liability thereunder. Kalmn, supra. Therefore, this argument is without merit.

*1107 Plaintiff's Assignments of Error 1 and 2

Plaintiff contends the trial court erred in failing to hold the defendants strictly liable under L.S.A.-C.C. art. 2695. Assuming, arguendo, that defendants are liable under this article, plaintiff's recovery would still be barred. Contributory negligence is a bar to recovery under a negligence theory of liability and under the liability of La.C.C. art. 2695 where it is shown that the lessee knew of the defect, the premises could be safely used with the use of reasonable care, and the lessee failed to exercise that standard of care. Renfro v. South Coast Corporation, 374 So.2d 122 (La. App. 1st Cir.1979). In the present case, the evidence establishes that Mrs. Brady knew of the dangerous situation and chose to ignore it. She failed to install window guards on the window. Further, she did not attempt in any way to block Darryl's access to the window by placing chairs or other objects of furniture in front of it. Had she exercised such precautions, the premises may have been safely occupied. This inaction on the part of Mrs. Brady was deemed by the lower court to constitute contributory negligence. We find no manifest error in this conclusion. Therefore, the trial court was correct in denying Mrs. Brady recovery for medical expenses.

Plaintiff's Assignment of Error No. 3
Lastly, plaintiff contends the trial court erred in failing to conclude that Darryl was permanently and psychologically scarred from the accident and in failing to award damages therefor. The trial court found that the medical evidence failed to establish this contention. The record supports the trial court's conclusion.
Dr. William Fisher, Jr., neurosurgeon, noted that Darryl's neurologic examination was normal, there were no cranial nerve deficits, and the optic discs were normal. There was no motor or sensory loss. An A. C. T. scan of the brain was performed which proved normal as were the skull films. Also, an electroencephalogram was performed which showed normal results.
Dr. Robert Barnes, psychiatrist, saw Darryl in November of 1980. He concluded from his interview that it was not clear whether Darryl was suffering from a mild behavioral disturbance or whether he was suffering from some form of minimal brain damage. Thus, plaintiff's third argument is unsubstantiated.
Defendants cite Yates v. Tessier, 5 La. App. 214, (2nd Cir.1926) which they allege to be factually identical to the case at hand. Such is not the case. In Yates, supra, the window was an ordinary window and not the French-door type as in the instant case. The Yates knew the window was hinged at the top and was unfastened at the bottom. It was inaccessible by the child without the assistance of the parents. The parents placed a bed even with the window and then placed the child on the bed. Given the facts in Yates, supra, it cannot be said that the landlord should have reasonably foreseen the accident.
In light of the foregoing, the trial court's judgment should be affirmed in all respects. Appellants are to pay all costs.
AFFIRMED.