## SANTEE v. PICK,
### No. 17441.

Court of Appeal of Louisiana. Orleans.
Dec. 16, 1940.

Rehearing Denied Jan. 13, 1941.

Alexis Brian, of New Orleans, for appellant.

J. L. Warren Woodville and J. A. Woodville, both of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit by a tenant against his landlord for damages for physical injuries alleged to have been sustained by reason of falling plaster. Defendant denied that the plaster fell and, in the alternative, that if it did fall that the injuries received by plaintiff were of no consequence and, finally, that plaintiff had specifically assumed the risk of injury due to falling plaster.

There was judgment below in plaintiff's favor in the sum of $200. Defendant has appealed to this Court and plaintiff has answered the appeal asking that the award be increased to $300, the amount prayed for.

We have no difficulty in finding as a fact that the plaster did fall, since the evidence in the record is overwhelmingly to that effect. The point made by the defendant concerning the assumption of risk is based upon a printed waiver which appears upon a receipt offered in evidence which, the defendant claims, it is her custom to use in acknowledging payments of rent by her one hundred and seventy-five or more tenants. This inscription reads as follows: "Tenant rents this property with the understanding that no damages will be due because of falling plaster or other unforeseen defects, and failure to notify the owner or agent in writing of any visible defects will serve as contributory negligence and will vitiate all claims".

However, in this instance, the evidence does not show that this form of receipt was used in connection with the payment of the rent by the plaintiff, an humble and ignorant negro who, for five or six months prior to the alleged accident, had paid $1.50 per week for the room which he rented from the defendant. The acknowledgment of the payments of rent were made on a piece of paper torn from a memorandum book and, therefore, it cannot be said that the plaintiff, by implication or otherwise, agreed to relieve his landlord of the responsibility of keeping the premises in proper repair. As a matter of fact, if the receipt had been used and if it had been shown that the plaintiff was able to read it, the alleged waiver on that showing alone might not have been effective. Lawes v. New Orleans Transfer Company, Inc., 11 La.App. 170, 123 So. 144; Marine Insurance Company v. Rehm, La.App., 177 So. 79; Seither et al. v. Poter et al., La.App., 194 So. 467.

Fragments of the plaster struck plaintiff on the thumb of his left hand. It appears, however, that an X-ray taken at the Charity Hospital just after the injury failed to reveal any fracture. He was injured on the 25th of December and between that date and January 14th, when

he was discharged, he made several trips to the hospital and, it is claimed, that he was not able to go to work until two weeks later, losing five weeks in all from his work. He earned $20 a week when he worked. We are not at all sure that plaintiff could not have returned to work earlier if he had wanted to for the injury to his thumb was very slight. Giving him the benefit of the doubt, however, we have decided that $150 would adequately compensate him for all items of damage, consequently, and for the reasons assigned the judgment appealed from is amended by reducing the amount thereof to $150 and as thus amended it is affirmed. Costs of appeal to be paid by plaintiff and appellee.

Amended and affirmed.