This suit for damages is brought by a subtenant against the owners of the building in which personal injuries of plaintiff are alleged to have been sustained. The building was owned by the heirs of Louis Spiro, and for about four years had been leased to Mitchel John Stafford, and occupied by his mother who, in the record, is sometimes referred to as Mrs. Stafford and sometimes as Mrs. Johnson. Though the lease seems to have been made by the son, the mother, whom we shall refer to as Mrs. Johnson, paid all the rent and was treated as the tenant.
About three weeks before the occurrence on which this suit is based, Mrs. Johnson, by verbal lease, let a front upstairs room to Albert Ford, plaintiff, who, with Nancy Robertson, his so-called common-law wife, occupied it from that time to the day of the accident. In front of the house there was a second-floor porch to which access was had through two full length windows, with shutters which were, or should have been, hinged to the window frames. On the morning on which the accident took place, Nancy Robertson, who was preparing lunch, asked Ford to open one of these full length shutters. One of the hinges was broken and as Ford attempted to open it, it fell upon him and he sustained injury. He brings this suit, charging that defendants, as owners, are liable because of the defective condition of the hinge, and because of a hole in the floor of the porch through which he alleges that he fell when he was knocked off balance by the falling shutter. He prays for judgment for $479.25.
Defendants deny all liability to Ford on several grounds: First, they maintain that the occurrence of the accident is most doubtful, and that even if there was such an occurrence, the injuries sustained by Ford were very slight; second, they contend that the accident, if there was one, was caused by the defective shutter and not by a hole in the floor, and they therefore maintain that there is no liability because by Article 2716 of our Civil Code, the responsibility for repairing defects to shutters, etc., is placed upon the tenant; and third, they point to and rely upon a printed stipulation in the form of rent receipt which they say had, for several months, been given to Mrs. Johnson when she paid her rent, and which stipulation reads as follows: "Tenant rents this property with the understanding that no damages will be due by cause of fallen plaster or other unforeseen defects, and failure to notify the owner or agent, in writing of any visible defects will serve as contributory negligence and will vitiate all claims."
There was judgment dismissing plaintiff's suit, and he has appealed.
It is not necessary that we consider the question presented by the third contention that the defendants were relieved from all liability because the clause printed in the form of receipt used, though we ourselves found such an identical defense presented by the same defendants in Santee v. Pick, La.App., 199 So. 141, and, under circumstances similar to those found here, rejected it. Nor need we go thoroughly into the facts to determine whether there was any accident, or whether there were sustained any injuries sufficiently serious to form the basis of recovery. We need not go into those contentions because we find in the defense, numbered 2, an insurmountable obstacle to plaintiff's right to recover.
The record shows that plaintiff's injuries, if he sustained any, resulted from the fact that because the shutter hinge was broken, the shutter fell upon him when he attempted to open it. His astute counsel, sensing the legal result that because the duty of repairing shutters is, by Civil Code Article 2716, placed upon the tenant he may not be permitted to recover from the owner of the property, contends that the shutter defect did not cause the accident, but that the true cause was the hole in the floor into which Ford stepped when he was thrown off balance by the falling shutter. And in fact in preparing the petition, counsel placed much the greater emphasis upon the hole in the floor of the porch. But the evidence shows that the hole played practically no part in the occurrence and that to the falling of the shutter alone should be attributed the ensuing injuries. We attach significance to the fact that plaintiff plainly belittles the fact that there was a hole in the floor — "* * * When I got to the front porch to open the door * * * it came down and hit me across the shoulder and arm and knocked me off my pins, and I fell *Page 387 
down through a hole in the porch, only my heel went through."
A little later the plaintiff said: "The door knocked me down and I fell in a sitting position."
And later, when his counsel, having noticed his failure to attach significance to the hole, asked him, "How much of your foot or leg, if any, went through that hole?", he answered: "Just my heel."
Mrs. Johnson says that when Ford told her of the accident — "He said the blind fell on him", and when asked whether Ford had mentioned a hole in the gallery, she said: "He didn't say anything about that because there was no hole in the gallery."
Nancy Robertson, the woman who lived with him, said: "I heard the noise and I went to see what had happened, and Albert, he fell, and the door had fell * * * and his heel had fell down in a little hole in the gallery."
And she further stated that when she reported the matter to Mrs. Johnson — "I told her that the door had fallen on him."
Ford's mother testified that he had told her that he was hurt because the shutter fell on him. Apparently he said nothing to her about a hole in the flooring of the porch.
Tilden Pick, the son of one of the defendants, said that he had called on Ford within one week after the accident, and that Ford had told him that "the blind had fell on his back and had hurt his back * * *," and that no hole "was ever mentioned to me."
If the accident resulted from the defective shutter, as we have found that it did, then unless the defect was in existence prior to the commencement of Mrs. Johnson's lease, it was her duty to fix it and the owners would not be liable for injuries resulting from it. Civil Code, Article 2716, lists among the "Repairs lessee required to make" those:
"To windows, shutters, partitions," etc. The Supreme Court in Harris v. Tennis, 149 La. 295, 88 So. 912, held that as a result of that article, a third person, — in that case the tenant's wife — who is injured because of such a defect, cannot recover from the owner of the premises. In Tesoro v. Abate, La.App., 173 So. 196, 200, we said: "A review of the foregoing authorities (excepting Hutchins v. Pick) demonstrates that, where an injury to a third person, rightfully on the leased premises, occurs, during the existence of the lease, by reason of a failure of the tenant to make repairs due by him under article 2716, the landlord or owner is not liable to such third person in damages under Articles 670, 2315, and 2322."
The record leaves no doubt that the defect came into existence after the commencement of the lease by the owners to Mrs. Johnson, for she herself says that she noticed it first on the day before she sublet the upstairs room to Ford. She had occupied the place several years, and even if it be held that the lease under which she at that time occupied it had been in existence for several months only, still it appears that the commencement of the lease ante-dated the defect. Surely during all of that time she would have noticed the defect, had it existed for any appreciable length of time. It is of no importance that the defect may have been in existence when Ford rented the room from Mrs. Johnson. The latter's legal obligation to make the repairs was created when the defect came into being after the commencement of her lease, and when that obligation became fixed upon her, no longer could any third person look to the owner. So far as the owner is concerned, the sub-tenant is in no better position than would be any third person rightfully in the premises. We conclude that there is no liability in defendants.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.