## HERBERT v. HERRLITZ.*
### No. 14413.

Court of Appeal of Louisiana. Orleans.
Feb. 13, 1933.

Luke Cutrera, of New Orleans, for appellant.

Nat D. Cooke, of New Orleans, for appellee.

JANVIER, Judge.

Mabel Herbert, styling herself as the housekeeper of William Thompson, alleges that she received injuries when the glass panel in one of the doors of the premises leased by Thompson broke and fell upon her right foot, and, charging that the owner of the premises, Mrs. Lou Herrlitz, is legally responsible for the said injuries, she seeks to recover $300, claiming that that amount will be required to compensate her for physical pain and suffering and for mental anguish.

Mrs. Herrlitz filed exceptions of vagueness and of no cause of action.

The exception of vagueness is directed at article 5 of the petition, in which it is charged that defendant, about three weeks before the alleged accident, had caused the said glass to be installed in the door and that the installation had been made in "an improper, insecure and unsafe manner"; the contention being that there should have been set forth in detail the particular defects in the said method or manner of installation.

The exception of no cause of action is based on the theory that an owner of leased property is under no duty to maintain in good order and condition a door in a partition, since, under article 2716 of the Civil Code, among the repairs which the lessee is required to make are those "to windows, shutters, partitions, shop windows, locks and hinges, and everything of that kind, according to the custom of the place."

In the court a qua the said exceptions were maintained and the suit dismissed.

### Exception of Vagueness.

The allegations with reference to the defective installation are vague, and we feel

that plaintiff should have been more specific in setting forth the particulars with reference thereto. But an exception of vagueness should rarely, if ever, be permitted to effect the dismissal of a suit. Plaintiff should be given an opportunity to amend,· and in an amendment should make such allegations as would advise defendant of the exact charges in support of which evidence is to be introduced.

### Exception of No Cause of Action.

■■ Assuming for the moment that, in the absence of agreement to the contrary, article 2716 of the Civil Code applies in such a case as this and that a landlord is under no obligation to the tenant to repair doors in interior partitions, there can be no doubt that by agreement, either written or implied, a landlord may undertake obligations greater than those placed upon him by law, and it is certain that, if he does in such manner agree to enlarge his obligation and makes repairs which he would not be obliged by statute to make, he is liable to a tenant for such damage as may result from the making of those repairs in an improper manner.

■ It is elemental that in considering an exception of no cause of action the allegations of the petition are assumed to be true. Thus, we must presume, since the matter is now before us on exception of no cause of action, that it can be proven, as it has been alleged, that "the said glass had been put in said door by the defendant herein, her agent, or her employee, about three weeks before the accident, in an insecure, unsafe and negligent manner; that as a result of the negligence of defendant, her agent, or her employee, in the installing the said glass in an improper, insecure and unsafe manner, your petitioner sustained the aforementioned injury or injuries."

■ If it be true that defendant caused the said glass to be installed and that he was under no legal obligation to the tenant to do so and that as a result of defective installation plaintiff received injuries, then we find it most interesting to consider whether liability to the injured party resulted directly against the owner. If, so far as the tenant is concerned, there was no statutory duty in the landlord to make the particular repair to the door, then, when the owner voluntarily made the repair, she impliedly assured the tenant that the repair was properly made and that no injury would result therefrom. But whether such action on her part created in a third person any rights is another matter altogether, because, so far as third persons are concerned, there is no privity between them either by contract or by effect of Civil Code, article 2716, and it must be conceded that plaintiff was a third person and that such obligations as, under a lease, may be due to a tenant do not exist in favor of

third persons. But, since plaintiff was in the premises by consent of the tenant, she was there by right and was not a trespasser, and, therefore, although the obligation of the landlord toward her, though it did not arise by contract nor by operation of article 2716, did arise because of the effect of articles 670, 2315 and 2322 of the Civil Code. Under these articles:

"* * * The obligation imposed upon the owner of a building to answer in damages to a person injured by neglect of the owner to keep his building in repair arises ex delicto, and * * * the right of action, being in tort, is in favor of one who is injured while lawfully on the premises or inside of the building as well as in favor of neighbors and passers-by." Klein v. Young et ux., 163 La. 59, 111 So. 495, 496.

■ Therefore, as we view the law in the light of the decision in that case (Klein v. Young), the owner of property is liable to any person (other than a tenant) rightfully upon the premises if that person is injured as the result of the defective condition of the property. So far as a tenant is concerned, there are certain repairs which, as between himself and the owner, the tenant is required to make; but if a third person is injured, whether the injuries result from defects which the owner should have repaired, or from defects which the tenant should have repaired, nevertheless the liability exists against the owner and in favor of the injured party, because, as is well stated in Klein v. Young:

"Article 670 makes every owner of a building liable in damages to any neighbor or passer-by who is injured by the fall of any part of the building, through negligence on the part of the owner to keep his building in repair. Article 2322 makes every owner of a building answerable in damages to any person who is injured—either while rightfully inside or while outside of the building—by an accident resulting either from the owner's neglect to repair the building or from a vice or defect in its original construction. Articles 2693–2695 impose upon every lessor of a building the obligation to keep it in repair (except as to the minor repairs listed in article 2716), to guarantee the lessee against vices or defects and to indemnify him if he suffers any loss in consequence of any vice or defect in the leased premises. Articles 2693–2695 are under the title dealing with the contract of lease in the section defining the obligations of the lessor. They import into every contract of lease, where there is no stipulation on the subject, the obligation of warranty on the part of the lessor to keep the building in repair, which obligation is in favor of the lessee only, and has nothing to do with the obligation resulting ex delicto in favor of any other person injured in conse-

quence of neglect on the part of the owner of a building to keep it in repair. The lessee may, of course, as a condition of the contract of lease, dispense with the implied warranty in his favor, under articles 2693–2695, in which event, of course, no sublessee can enforce it. But the lessee cannot, by assuming the obligation, absolve the owner of the building from his responsibility to third persons who may be injured in consequence of the owner's neglect of a duty imposed by law in their favor."

■ Assuming, then, that the defendant was not obligated by article 2716 to repair the door in question and that, by her voluntarily undertaking to make the repairs, she did not create any conventional obligation in favor of plaintiff, still she would be liable, as we have shown, because · of the obligation placed upon her by those other articles mentioned, articles 2315, 2322 and 670, Civ. Code.

Exceptor's counsel maintains, however, that plaintiff cannot be relegated to the status of a third person lawfully upon the premises, because, by her own allegations, she admits that she was occupying the premises as the housekeeper of the tenant, and from this fact it is contended that, assuming that a repair to an interior door is among the obligations placed by the Code upon the tenant, if the tenant fails to make such repairs and injury results to one whose right to be in the premises arises through the tenant, then the sin of the tenant in failing to make such repair must be visited upon the injured party whose rights arise through him.

There are two answers to this contention. The first which comes to mind is that, if it be sound, it will apply to any one lawfully within the premises, whether a member of the tenant's household or not, because any one on the premises on lawful business with the tenant is there by virtue of the tenant's rights as lessee. The second answer is that, if an injured third party is to be denied the right to recover because of privity with the tenant, who has failed in his obligation to make repairs, then the same injured party should be permitted to show that the landlord had agreed to make the repair, or that the landlord had actually made it but in a negligent manner, because, if the sins of the tenant are to be visited upon the ˙third person whose right to be in the premises comes from the tenant, then the benefits which flow from that relationship should also be accorded him.

In Wise v. Lavigne, 138 La. 218, 70 So. 103, it was held, as it was later said in Klein v. Young, supra, that both articles of the Code, to wit, articles 670 and 2322, apply to persons within the building other than tenants and that where the falling of any part of the building is due to the owner's neglect to keep it in repair he is liable. Certainly if he is liable for neglect to keep a building in proper repair he should be liable under the same articles if he actually makes repairs, but does so in such a negligent manner that injury results.

But it is not at all certain that defendant was not obligated by article 2716 of the Civil Code to make repairs to the door in question, because that article does not in all cases place upon the tenant the duty of repairing partitions, et cetera, but creates that obligation in the tenant only if, "according to the custom of the place," such repairs are made by tenants. How, then, can we tell, in the absence of a hearing and of the production of evidence, what is the custom with reference to the repairs of the nature involved here?

In Breen v. Walters, 150 La. 578, 91 So. 50, 52, in construing article 2716 and with particular reference to the contention that certain repairs enumerated in the last paragraph thereof should be made by tenants, the Supreme Court refused to hold that such repairs should have been made by the tenant in that case and said:

"There is no testimony in the record to show that, according to the custom prevailing in the city of New Orleans, it is the duty of a tenant to repair the balustrade of a gallery. The plaintiffs, therefore, were not bound to make these repairs."

See, also, Senac v. Pritchard, 4 La. 160, in which the court said:

" * * * by the 2686th [2716] article of the Louisiana Code custom is allowed to have considerable weight in ascertaining on whom the obligation of making certain repairs is imposed. * * * It should be established by the evidence given on trial."

■ Counsel for defendant argues that plaintiff's suit was properly dismissed because, so he maintains, it was brought only to avoid payment of rent, which was long overdue, and because, in fact, no substantial injury was sustained. But these are matters about which we can know nothing until evidence is introduced, and they cannot be taken into consideration at this time.

The fact that plaintiff alleges that she is housekeeper of the tenant and is living with him and the assertion that this allegation may be construed as an admission of an illicit relationship between them is of no importance. All that is necessary to create in plaintiff a right of action to recover for injuries caused by defects for which the owner is responsible is that she must show her right to be on the premises, and, so far as this liability is concerned, it matters not that there were illegal relations between plaintiff and her alleged paramour. Had the owner objected to such relations, she, no doubt, could have forced the tenant to leave the premises, but, so long as she permitted the said tenant

to remain her obligations, assumed either voluntarily, or by statutory coercion, existed not only in favor of the tenant, but also in favor of all persons rightfully on the premises.

In Pierre v. Levy, 3 La. App. 769, this court said:

"Both Jackson and plaintiff, who was his concubine, lived in the tenement and Viola Pierre, the plaintiff, seems to have paid all the expenses of the menage. But, whether Viola Pierre or Son Jackson was, in contemplation of law, the tenant of defendant, is immaterial."

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is annulled, avoided, and reversed, and that this matter be and it is remanded to the First city·court of New Orleans for further proceedings not inconsistent with the views herein expressed and in accordance with law.

Reversed and remanded.

