## HERBERT v. HERRLITZ.
### No. 14935.

Court of Appeal of Louisiana. Orleans.
Jan. 21, 1935.

Luke Cutrera, of New Orleans, for appellant.

Spearing & McClendon, of New Orleans, for appellee.

JANVIER, Judge.

This is a damage suit brought against a lessor by a woman, who styles herself the "housekeeper" of the tenant and who claims to have sustained injuries when a pane of glass, which is alleged to have fallen from a panel of an interior door, is said to have severely cut her foot.

In the court, a qua, an exception of no cause of action was sustained, the trial judge being of the opinion that, because of the provisions of article 2716 of the Civil Code, there is no duty in a landlord to maintain in good order the glass of such a door as that involved here because that article lists, among the repairs which the lessee is required to make, those "to windows, shutters, partitions, shop windows, locks and hinges, and everything of that kind, according to the custom of the place."

On appeal from that judgment, we found that plaintiff's petition contained allegations to the effect that the landlord—whether obliged to do so or not—had undertaken to repair the said door shortly before the alleged accident and had, through an employee, done so in a careless manner, and that the accident had resulted from that carelessness, and we held that if such allegations were true, the landlord might be held liable, if not by reason of statutory duty, then because of the fact that by making the repairs he had assumed the obligation to make them properly. In view of the said allegations in the petition, we overruled the exception and remanded the matter. See Herbert v. Herrlitz (La. App.) 146 So. 65.

When the matter was tried on the merits below, there was judgment for defendant, from which plaintiff has appealed.

The record shows that some two weeks or so prior to the date of the accident defendant had sent a carpenter to the house and that this carpenter had made many repairs and had installed the pane of glass which is alleged to have fallen out.

The carpenter testified that he had fastened the glass with eight glazing points, two on each side, two on the top, and two on the bottom, and that he had then applied putty in the usual manner around all four edges of the glass. He stated positively that when he examined the door after the alleged accident, he found the glazing points and the putty intact and in place and also found a portion of the glass still held in the door by the putty or the glazing points.

This shows that the entire pane did not, as plaintiff charges, slip out of place, and that if any portion of it fell upon plaintiff's foot, it did so because the glass had been broken and not because it became entirely dislodged as the result of its having been originally improperly fastened in place.

Plaintiff's evidence as to the occurrence of the accident is far from convincing. Her witnesses are vague and contradictory in their statements. One of them testified most positively that he had seen the glass fall and later denied that he had seen it fall and further denied that he had testified to the contrary, though his positive evidence to that effect appears in the record.

Another witness for plaintiff stated that a certain witness, who had testified to his presence at the time, was not among those persons who were in the room when the glass fell and that, as a matter of fact, she did not even know the said witness. Later she contradicted this and admitted that she knew the witness by name and had known him for several years.

The record leaves possible no other conclusion than that the glass in question had been properly installed, and that if it broke and fell upon plaintiff's foot, it did so because either plaintiff or some of her associates broke it.

Manifestly, the finding of our brother below is not obviously incorrect. The lessor is not liable.

The judgment appealed from is affirmed.

Affirmed.