ROGERS, Justice.
 

 This case is before us for review of the judgment of the Court of Appeal for the Parish of Orleans affirming the judgment of the Civil District Court- dismissing plaintiff’s suit against the owner of a. building to recover damages for injuries suffered by plaintiff as' the result of the' alleged negligence of the owner to repair a defective lock. Lowe v. Home Owners’ Loan Corporation, 1 So.2d 362.
 

 It appears from the record that on May 20, 1939, Jesse James, the grandson of Mrs. Etta Lowe, the plaintiff, entered into a written lease with the rental agent of the Home Owners’ Loan Corporation, the owner of the premises No. 2410 N. Roman Street, in the City of New Orleans. At that time certain repairs of the leased premises were in progress and others were needed. The lease provided for a monthly rental of $20 beginning on May 25, 1939, on which date it was agreed that the lessee would take possession, which he' did.
 

 The lessee, his wife and his grandmother, the plaintiff, occupied the leased premises until November 14, 1939, a period of almost five months. On the night of October 14, 1939, as plaintiff was leaving the leased premises, she pulled very hard on the knob of the front door in order to jam the door shut, and as she did so the knob pulled out and she was thrown to the ground. As the result of her fall, plaintiff sustained a fracture of the left arm near the shoulder, which her physician states will result in partial permanent disability.
 

 Plaintiff’s suit is for the recovery of $4,500 as damages for her injuries. She alleges that the lock and knob on the front door were defective prior to the date on which the lease began and that notwith-. standing the legal obligation of the owner
 
 *338
 
 and also its written obligation to make the necessary repairs, they were not made. She alleges that her injuries resulted from the failure of the owner to maintain its property in good condition and from its failure to repair the defects, which she .alleges caused the accident.
 

 The defendant denied that it was guilty of negligence. Defendant averred that if ■either the lock or the knob was defective, it was the duty of the tenant, plaintiff’s grandson, to make the repairs. Defendant also averred that if any defect existed, plaintiff was aware of the defect and was guilty of contributory negligence in pulling too hard upon the knob as she attempted to close the door. Defendant specially averred that in his written offer of lease plaintiff’s grandson accepted responsibility for the condition of the leased premises so far as it affected any liability of the lessor but without obligating himself to bear, the cost of the upkeep thereon.
 

 Before considering the legal question presented, it is necessary that we dispose ■of a sharply contested issue of fact between the parties, viz., whether the defect in the front door lock existed prior to the execution of the lease or whether it developed ■during the existence of the lease. The plaintiff insists that the first alternative is borne out by the testimony offered on the trial of the case. This is disputed by the defendant. The judge of the District ■Court, who saw and heard the witnesses, resolved the disputed question of fact against the plaintiff. After extensively reviewing the testimony, the Court of Appeal did likewise. Our reading of the testimony has not furnished us with any reason to differ from the findings of the District Court and the Court of Appeal. Therefore, the question posed for decision is whether plaintiff, who resided with the tenant, can recover damages from the landlord for personal injuries which she sustained as the result of a defective door knob when it is shown that the defect arose during the existence of the lease.
 

 Plaintiff’s action is grounded on Article 2322 of the Civil Code which reads as follows: “The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice in its original construction.”
 

 Defendant, in resisting plaintiff’s demand, invokes Article 2716 of the Civil Code, providing in part as follows:
 

 “The repairs, which must be made at the expense of the tenant, are those which, during the lease, it becomes necessary to make:
 

 * * * =k *
 

 “To windows, shutters, partitions, shop windows, locks and hinges, and everything of that kind, according to the custom of the place.”
 

 Another article of the Civil Code on the subject is Article 670, which makes every owner of a building answerable in damages to a neighbor or to a passer-by who is injured by the fall of any part of the building due to the owner’s neglect to keep it in repair.
 

 
 *339
 
 The three codal articles above mentioned have been construed by our courts in a number of cases. One of those cases is Tesoro v. Abate, decided by the Court of Appeal for the Parish of Orleans. The accident resulting, in the injury to Tesoro, the plaintiff in that suit, was strikingly similar to the accident causing the injury to Mrs. Lowe, the plaintiff in this suit, in that each of these plaintiffs, while attempting to close a door, was precipitated to the ground and injured when the knob unexpectedly came off.
 

 In the Tesoro case, the judge of the District Court, after hearing the evidence, dismissed plaintiff’s suit, on the ground that under the provisions of Article 2716- of the Civil Code if the doorknob was in need of repair, it was a repair due by the tenant and not by the owner of the building. The Court of Appeal affirmed the judgment. The decision was rendered on March 22, 1937, and a rehearing was denied on April 19,
 
 1937.
 
 See Tesoro v. Abate, 173 So. 196. A writ of certiorari was denied by this Court in the proceeding No. 34424 of the docket on May 24, 1937, on the ground that the judgment of the Court of Appeal was correct.
 

 The author of the opinion handed down by the Court of Appeal in the Tesoro case exhaustively reviewed - the jurisprudence predicated on Articles 670, 2716 and 2322 of the Civil Code. He pointed out that the jurisprudence had broadened the language of Articles 670 and 2322 to such an extent as to make the owner of a building practically the insurer of third persons rightfully on the premises against injury caused by defects in the building, even though the property is in possession of a tenant and the owner is not advised of the necessity for making repairs. But he further pointed out that none of the decisions has gone so far as to hold the landlord responsible to the third person, where, during the existence of the lease, his injury results from the failure of the tenant to make the repairs which are due by him under the provisions of Article 2716. 173 So. 202.
 

 The author of the opinion of the Court of Appeal in the case now under review freely commented upon the prior decision of that court in Tesoro v. Abate. He also pointed out the liberalizing effect of the jurisprudence on the obligations imposed upon the owner of a' building by Articles 670 and 2322, with the like comment that none of our courts had gone so far as to hold the owner liable unless, as in Herbert v. Herrlitz, La.App., 146 So. 65, in spite of his lack of obligation to make repairs, the owner has undertaken to do so and has done so negligently.
 

 After referring to and discussing a number of cases, in addition to the Tesoro case, the author of the opinion of the Court of Appeal in this case declared that it was the well-established doctrine which must be followed that Article 2716 might be relied upon by an owner as absolving him from liability for the result of defects which came into existence after the beginning of the lease. He observed: “The rule was stated very recently in Tesoro v. Abate, supra, as follows: ‘A review of the foregoing authorities (excepting Hutchins v. Pick, La.App., 164 So. 173, demonstrates
 
 *340
 
 that, where an injury to a third person, rightfully on the leased premises, occurs, during the existence of the lease, by reason of a failure of the tenant to make repairs due by him under article 2716, the landlord or owner is not liable to such third person in damages under articles 670, 2315, and 23227” 1 So.2d page 368.
 

 Counsel for plaintiff insists that the provisions of Article 2716 do not relieve the owner of a building of the obligation ex delicto arising under the provisions of Article 2322. He argues that Article 2716 is found in Title IX of the Code which treats “Of Lease,” and, therefore, is obviously intended to be effective only as between the lessor and the lessee; whereas, Article 2322 is found in Title V of the Code which treats “Of * * * Offenses And Quasi Offenses,” and, therefore, is obviously intended to'create a right of action in favor of a person injured as the result of the negligence of the owner to keep his building in repair. Counsel for plaintiff asserts that in Klein v. Young, 163 La. 59, 111 So. 495, this Court pointed out the distinction which exists between the status of a person as the owner of a building and his status as the lessor thereof, and that the Court of Appeal for. the Parish of Orleans in Herbert v. Herrlitz, 146 So. 65, decided on the authority of Klein v. Young, that Article 2716 did not relieve the less- or, as owner, of his obligation under Article 2322 and his liability ex delicto for the breach of that obligation.
 

 ' The decision in Klein v. Young was discussed by the Court of Appeal in its opinion rendered in Tesoro v. Abate and in the case now under review.
 

 As stated in the beginning of the opinion handed down by this Court in Klein v. Young [163 La. 59, 111 So. 496], the question presented for decision there was: “Can a lessor, by contract, shift from himself to his lessee the primary obligation imposed on the lessor by law of seeing to the safety of his building, so as to absolve himself from all responsibility to others who derive through his lessee the right to be on the leased premises ?” That question arose in the case because the lease contained such a provision. The Court held that the owner of a building could not by a contract in which the lessee assumed the obligation, escape responsibility to a third person injured in consequence of the owner’s neglect of a duty imposed upon him by law. In the Klein case, the plaintiff’s injury was caused by a defective backstairs which gave way while she was going from the house to the yard. The duty of repairing the defective stairs was not imposed upon the lessee by Article 2716, but was an obligation ■ resting upon the lessor under other articles of the Code.
 

 ' Counsel for plaintiff maintains that the issue in the Klein case was the same in principle as the issue in this case, since, as he points out, the only difference between the cases is that the lessee’s obligation in the Klein case was one written into the lease by the parties themselves, whereas, in this case the lessor’s obligation is- one written into the lease by the provisions pf the Code. The. answer
 
 *341
 
 to counsel’s proposition is to be found in the difference between the cases as pointed out by him. The obligation assumed by the lessee which the lessor pleaded as a defense in the Klein case was purely voluntary. It was the result of a private contract to which the plaintiff was not a party and of which she had no knowledge. In this case the obligation of the lessee which the lessor invoked in defense of the suit is wholly involuntary. It results from the positive law, binding on all affected parties and plaintiff’s knowledge of which must be presumed. Klein v. Young contains a full review of all the jurisprudence that could bear even remotely on the question at issue. Harris v. Tennis, 149 La. 295, 88 So. 912 is one of the cases reviewed. The author of the opinion commented upon that case as follows:
 

 “In Harris v. Tennis, 149 La. 295, 88 So. 912, the repair which was rieglected and the neglect of which was said to have caused the accident, was the repair of a rotten window frame. The ruling was, as in the case of Brodtman v. Finerty [116 La. 1103, 41 So. 329], that the law did not impose the obligation upon the lessor, but, by article 2716, imposed thé obligation upon the lessee, to make minor repairs such as to windows, shutters, hinges, etc. The opinion in Harris v. Tennis consists of only a few lines, the whole case being stated in the syllabus, thus:
 

 “ ‘A wife was not entitled to recover under Code, Art. 2717, for personal injuries received, owing to the rottenness of a window frame of a house leased by defendant to her husband, in which they lived; the appliance for holding up the sash giving way, and the sash falling upon her hand and crushing it, in view of article 2716, the husband, and not the lessor, being at fault.’
 

 “The point of distinction is that in that case the law did not impose the obligation upon the landlord to make the repair that was neglected.” Klein v. Young, 163 La. 59, 111 So. 495, 500.
 

 It would appear from the above quotation the Court was of the opinion that the responsibility is upon the tenant and not upon the landlord for the failure to make the repairs enumerated in Article 2716.
 

 In Herbert v. Herrlitz, the plaintiff was injured when a glass panel, installed by the landlord in one of the doors of the leased premises, broke and fell upon her right foot. The Court held that, although he was not required to do so by the statute, since the landlord had undertaken the work, he was responsible in damages to plaintiff for the injuries which she suffered as the result of the improper doing of the work.
 

 However, the Court of Appeal, in its opinion, went beyond the necessities of the case and indulged in a discussion of the responsibility of a landlord for repairs due by a tenant under Article 2716. This not only appears from a reading of the opinion itself but also from the comment of the Court thereon in the case of Tesoro v. Abate which appears in 173 So. at pages 200 and 201 as follows; “But counsel for plaintiff tell us that, in Herbert v. Herrlitz, 146 So. 65, we construed the
 
 *342
 
 opinion of the Supreme Court, in Klein v. Young, to mean that a third person has a cause of action against the owner of a building, where such third person is injured because of the failure to repair the building, irrespective of whether the repairs are due by the owner or the' tenant. It is true that there are 'remarks in that decision which would support such a result, but those statements are obiter dicta and were not necessary to the conclusion reached. At the time that opinion was written, our attention had not been specifically directed to the case of Harris v. Tennis, which has never been modified or overruled by the Supreme Court.”
 

 ' We are unable to appreciate the force of the argument of counsel for plaintiff that the obligation created by Article 2716 in favor of the lessor, who is the owner of the building, does not relieve him of the duty imposed upon owners of buildings by Article 2322, because the articles appear in the Code under different titles.
 

 There are a number of articles appearing in different portions of the Code which demonstrate that all of our law governing torts is not confined to Article 2315 and the succeeding articles ending with Article 2324. Thus, Article' 670 which has often been considered by our Courts in connection with Articles 2322 and 2716, is found under Title IV, treating “Of Predial Servitudes.” Article 177 appears under Title VI,. dealing with the subject “Of Master And Sérvant” and the-article provides that the master is answerable for damages caused to individuals or to the community in general by whatever is thrown out of his house into the street or the public road. Article 419 is found under Title IX, governing “Interdiction And Curatorship” and subjects the unsuccessful applicant for the interdiction to the payment of damages, if he has acted from motives of interest or passion. Article 532 is embraced within Title II, treating “Of Ownership” and provides that damages may be recovered from persons who have, unknown to them, employed materials belonging to others. Article 855 is embodied in Title V, treating “Of Fixing The Limits And Of Surveying Of Lands.” The article provides, that any person who, without authority, removes or pulls up bounds is liable to an action of damages. Article 2768 is found in Title IX, 'covering the subject of “Leases” and under the sub-title of “Letting Out Of Labor Or Industry.” It provides that the undertaker is responsible for the acts of his employees. Article 2909 is contained in Title XII, treating “Of Loan” and declares that the lender is answerable for the consequences if the thing lent is so defective that it may cause injury, if he knew the defects and failed to apprise the borrower of them.
 

 The Code is a general system of law promulgated by legislative authority, and effect must be given to all its provisions as such. Its various articles forming parts of a complete system must be construed with reference to each other and to harmonize with its general purpose. We can see no inconsistency in construing the general expressions used in Article
 
 *343
 
 2322 with reference to the obligations of the owners of buildings in connection with the restrictive expressions used in Article .2716. It must be kept in mind that when a building is leased the owner loses an important element of ownership, that is to say, possession. The property is no longer under the dominion of the owner. It ■is under the control of the tenant who ihay even prohibit the owner from entering the premises during the existence of the lease. Because of his loss of possession and because during the existence of the lease the mere use of the property brings about the need for a number of minor repairs, the law as expressed in Article 2716 reduces the burden of responsibility imposed on the owner by •placing some of the responsibility on the tenant. Window frames, window glasses, shutters, locks and hinges are parts of the leased premises that are subject to constant use. Because of that use, Article .2716 makes it the duty of the tenant who is in possession and not the landlord who .is out of possession to make the minor repairs enumerated in the Article' when, during the existence of the lease, the occasion arises therefor. If the repairs are .not made when required, it is the tenant’s neglect and not the neglect of the owner •of the building.
 

 It is inconceivable that a person •can be charged with neglect to perform an act which, under the law, is incumbent upon another person to perform. We can not assent to the proposition that a landlord is answerable for the damage caused by neglect to repair a minor defect occurring during the existence of the lease, when the law as set forth in Article 2716 imposes upon the tenant and not upon the landlord the obligation of making the neglected repair. We prefer to adhere to the rule announced in Tesoro v. Abate and followed in the present case, viz., the landlord or owner is not liable to a third person rightfully on the leased premises for injury caused the third person by the failure of the tenant to repair minor defects coming into existence during the lease, which repairs are due by the tenant under the provisions of Article 2716 of the Civil Code.
 

 For the reasons assigned, the judgment of the Court of Appeal is affirmed.
 

 O’NIELL, C. J., does not take part.
 

 McCALEB, J., recused.