DIXON, Judge.
Mrs. Darless Varnell McHenry fell on July 13, 1968 as she entered a store located in a Monroe shopping center. She and her husband sued Hanover Insurance Company for the personal injuries and expenses resulting from the fall. Hanover insured the owner of the building, D. O. Hogan. Hogan impleaded Mrs. Jessie Taylor McCormick as a third party defendant, claiming that she, as the tenant of the building, was obligated to repair it, and would be liable to the owner for any amounts the plaintiffs might recover against him.
This is an appeal from a judgment dismissing plaintiffs’ demands. In written reasons for judgment, the trial judge concluded that the plaintiffs failed to make out a case by a preponderance of evidence, since Mrs. McHenry’s testimony was not clear and since there was no other testimony about how the accident happened.
Mrs. McCormick operated a retail fabric shop. There was a pedestrian walk in front of this shop, which was of modest size with a brick and glass front and one *376 glass entrance. The door opening was elevated some two inches above the level of the sidewalk. There was a metal threshold beneath the door. The threshold extended to within two inches from the edge of a two inch step-up from the sidewalk. The threshold was not straight and level, but was slightly bowed. There was a gap beneath the threshold extending across the doorway. At the hinge side of the door the gap measured about three-eighths of an inch. At the opposite side, the gap measured about one-half inch. The threshold had not been set in mastic or caulking compound and the owner, defendant’s insured, testified that there had been no change in the threshold since the owner had constructed the building. A “watch your step” sign was on the door.
Mrs. McHenry had never been in the store before the day of the accident. In a written statement and in a deposition taken before trial, she stated that the door opened inward. Actually, the door opened outward, its hinged side on the right of one entering the store. Mrs. McHenry was wearing open-toed sandals. Her left sandal, she contended, caught under the edge of the metal threshold (which she described as a “loose metal door facing”) and caused her to fall.
Mrs. McHenry did not testify that she saw her left sandal slide under or get caught by the threshold. She did see the “watch your step” sign. She glanced down and actually saw the metal threshold. She knew what had caused her to fall because she felt a pull on her left foot as she entered, tried to get her foot loose and couldn’t, falling when she became overbalanced. Her sandal was marked across the inner sole where it had caught beneath the threshold. Mrs. McHenry’s husband located this mark shortly after he learned of his wife’s fall.
Mrs. McHenry consistently said that her left knee hit a coke box when she fell. Coke boxes were to the right of the door; the employee of the store who saw Mrs. McHenry on the floor after the fall, said Mrs. McHenry was on her right side. The coke boxes were stacked out of the pathway of traffic entering the door and were separated from the aisle, according to all other witnesses, by an old treadle sewing machine.
The trial judge noted these discrepancies in the testimony of Mrs. McHenry: the door swings outward, and not inward; the threshold was firm, not loose; it was not possible for her left knee to strike a coke box if the boxes were arranged as described by a preponderance of the testimony.
These discrepancies are not sufficient to justify the conclusion that Mrs. McHenry “failed to make out a case by a preponderance of the evidence.” There is no evidence to contradict Mrs. McHenry’s explanation of the reason for her fall. The discrepancies noted are consistent with mistake and confusion. The evidence hardly leaves room for doubt that Mrs. McHenry fell when her sandal caught in the gap beneath the edge of the metal threshold.
Is the owner of a building liable for such a defect? Plaintiffs say C.C. 2322 fixes the liability:
“The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice in its original construction.”
The nature of the defect here complained of deserves some comment. First, it is to be remembered that this crack under the threshold was built in by the owner, and was not the result of wear or poor maintenance. The owner constructed this building to be occupied by a merchant inviting all who would to come and buy. The shop depended on a female clientele to buy its fabrics. The owner does not attempt to exonerate himself because he did not know of the existence of the crack un *377 der the door, but because even now he sees nothing wrong with its construction.
Although there is some evidence of other falls at or near this door, defendant argues that many women, each day for many years, have entered the store without catching a sandal under the threshold. Nevertheless, a glance at a photograph of this threshold, taken from an angle low enough to view the crack beneath it, makes it easy to believe that this accident was foreseeable, and that all the other sandaled women who crossed this entrance were fortunate.
C.C. 2716 makes it the obligation of the tenant to make certain repairs, and our courts have held that the landlord is not responsible to third parties for injuries caused by the failure of the tenant to make such repairs. See Lowe v. Home Owners’ Loan Corp., 199 La. 672, 6 So.2d 726, where the owner was exonerated from liability for injury caused by a defective door knob.
In Bradley v. Yancy, La.App., 195 So. 110, this court ruled in favor of the plaintiff and against the landlord when the plaintiff caught her ankle in a piece of loose screen as she was going through the back door. The court held that C.C. 2716 did not relieve the landlord from the obligation of repairing doors. Criticism of Bradley v. Yancy notwithstanding (Shelp v. National Surety Corp., 5 Cir., 333 F.2d 431), it has not been overruled and the reasoning of the opinion is sound.
Consequently, unless Mrs. McHenry is guilty of contributory negligence, the landlord’s insurer cannot avoid liability.
The district judge did not find Mrs. McHenry guilty of contributory negligence. She was observant. She noticed the step-up and saw the metal threshold, but since her eyes were directly above the threshold, she could not be expected to see the crack beneath it.
Only if we concluded that Mrs. Mc-Henry should have lifted her sandal higher could we find her guilty of contributory negligence. It was not a stumble, but the catching and holding of her sandal that caused this fall. If the crack had been filled with mastic, and if Mrs. McHenry had stumbled, she might have fallen. If she had, that would be another case and perhaps another result. Since the fall was caused by the trapping of the sandal beneath the threshold, the cause of the injury was the defective threshold and not the negligence of Mrs. McHenry.
As a third party plaintiff, defendant has impleaded Mrs. McCormick, his tenant, claiming the responsibility for the defect rests on her under the provisions of C.C. 2716. As indicated above, we conclude that this defect should not be included in “repairs” specified in C.C. 2716, because it is not mentioned in the article, and because the defective threshold was part of the original construction by the owner.
Under an offer of proof, the testimony of an expert witness, is included in the record. The trial judge had sustained an objection to any testimony by him because he was not included in a list of plaintiffs’ witnesses in an exchange at a pre-trial conference.
The pre-trial conference was held a month before the trial. There was no formal pre-trial order. There is no evidence that plaintiffs attempted to hide the existence and identity of the witness. Plaintiffs’ lawyer stated that the expert witness was obtained only shortly before the trial. The record does not support the exclusion of this witness, and he should have been allowed to testify.
Mr. McHenry introduced into evidence exhibits supporting his plea for $493.81 in special damages. We find that amount justified by the record.
The record reflects that Mrs. McHenry suffered a severe bruise to her left knee as a result of the fall. In addition to this painful injury, she experienced *378 discomfort in the lower back diagnosed as a low back sprain superimposed on mild degenerative arthrosis in the lumbar spine. It was necessary for her to undergo a my-elogram in order to determine the full extent of her injuries. This discomfort and pain justify an award, in our opinion, totaling $2500 to Mrs. McHenry.
For these reasons, the judgment of the district court is reversed, and there is now judgment in favor of the plaintiff, Mrs. Darless Varnell McHenry, and against defendant, Hanover Insurance Company, in the sum of $2500, and further judgment in favor of plaintiff, Joseph D. McHenry, Sr., and against the defendant, Hanover Insurance Company, in the sum of $493.81; there is further judgment rejecting the demands of Hanover Insurance Company against Mrs. Jessie Taylor McCormick; the judgments are to bear legal interest from date of demand; Hanover Insurance Company is cast for all costs.
PRICE, J., dissents without written reasons.
Before AYRES, BOLIN, PRICE and HALL, JJ.